# Sunanday, Appellant, *v.* McKently.

*Survival of actions—Suit for criminal conversation—Death of wrongdoer—Act of June 24, 1895, P. L. 236.*

1. A right of action for criminal conversation does not survive the death of the wrongdoer.

2. The provisions of the Act of June 24, 1895, P. L. 236, that "any right of action which may hereafter come into being by reason of injury wrongfully done to the person of another, shall survive the death of the wrongdoer, and may be enforced against his executor or administrator," applies only to cases of injuries to the person, which may or may not result in death, and has no application to a suit for criminal conversation.

Argued March 3, 1914. Appeal, No. 402, Jan. T., 1913, by plaintiff, from judgment of C. P. Berks County, August Term, 1913, No. 43, refusing to take off nonsuit in case of Francis W. Sunanday v. Deborah G. McKently. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass for criminal conversation. WAGNER, J., filed the following opinion:

In this case suit was brought by the plaintiff against the defendant, Deborah K. McKently, executrix of the estate of Jonathan McKently, deceased, to recover damages in an action of crim. con. The plaintiff alleged that Jonathan McKently in his life-time had debauched his wife, Lillie E. Sunanday. This suit was brought after the death of the said Jonathan McKently, against the defendant as executrix. A nonsuit was granted at the time of the trial on the ground that the death of Jonathan McKently abated the suit.

It is admitted by plaintiff that prior to the Act of June 24, 1895, P. L. 236, an action like the present one, upon the death of the wrong-doer, did not survive against the estate. He claims, however, that under said act this

action can be maintained against the wrongdoer's executrix.

At the argument of this case counsel for plaintiff earnestly contended that an action of crim. con. is one at common law. That it is governed by the principles of the common law and that as at the common law husband and wife are one, a criminal assault upon or debauchment of the body of the plaintiff's wife would be an injury wrongfully done to the person of the husband in the eyes of the law, and is the same as if the husband had been assaulted, and therefore redressable at common law in an action of trespass vi et armis.

A complete answer to this contention is found in Drew v. Peer, 93 Pa. 234, where it is held: "Where damages are claimed by a husband for the loss of his wife's services, and for medical attendance resulting from a personal injury to her, case is the proper form of action." The reason for this, together with the authorities therefor is stated in full by Mr. Justice STERRETT on page 241. Plaintiff's contention is that the meaning of the term in the aforesaid act of the injury stated as done to the person of another which is to survive the death of the wrongdoer, and may be enforced against his executrix or administrator, is sufficiently broad to include an action of the kind under consideration. This, however, is giving to the phrase an "injury wrongfully done to the person of another," entirely too broad a meaning. It is there used in restrictive sense as is clearly shown by reading both sections of the act. That is, the personal injury that is to survive the death of the wrongdoer is such an injury as may or may not result in death. In Boyd v. Snyder, 207 Pa. 330, on page 334, the court says: "The Act of June 24, 1895, P. L. 236, has no application to a suit for malicious prosecution. It is clearly intended to apply only to cases of injuries to the person, which may or may not result in death." See also Patterson v. Williams, 52 Pa. Superior Ct. 299, 302.

Rule to take off nonsuit is discharged.

1914.]     Assignment of Error—Opinion of the Court.

The court entered judgment of nonsuit, which it subsequently refused to take off.

Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*W. B. Bechtel,* for appellant.

*Wilson S. Rothermel,* and *Snyder & Zieber,* for appellee were not heard.

PER CURIAM, March 23, 1914:
The judgment is affirmed on the opinion of Judge WAGNER.