## Wilson *v.* Pullman Company, Appellant (No. 1).

*Courts—Municipal Court of Philadelphia County—Jurisdiction —Amount of claim — Personal injuries — Injury to personal property—Act of July 12, 1913, P. L. 711—Carriers.*

Under the Act of July 12, 1913, P. L. 711, creating the Municipal Court of Philadelphia County and providing that it "shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy exclusive of interest and costs, does not exceed the sum of $600, except that in actions for damages for personal injuries it shall have jurisdiction where the sum demanded by the plaintiff does not exceed $1,500," the words "personal injuries" mean injuries to the person, and not injuries to property, so that the jurisdiction of the court in cases involving the right to recover damages for deprivation of, or injury to personal property is limited to the sum of $600.

In an action in the Municipal Court of Philadelphia County to recover damages for injuries to personal property where the plaintiff avers in her statement that she had sustained a loss in the sum of $1,500 and no certificate as to the amount involved is filed, and the plaintiff does not in fact claim more than $388 and recovers a verdict and judgment for that amount, the appellate court will permit the plaintiff to amend the statement by striking out the allegation as to a loss of $1,500, and inserting in lieu thereof the sum of $600.

In an action to recover damages for loss or injury to personal property carried in a handbag and due to the negligence of a porter of a parlor car company the amount that may be recovered is not limited by a statute which by its terms refers only to such baggage as the carrier takes into its possession and for which it gives a receipt.

Argued Oct. 5, 1916.   Appeal, No. 400, Oct. T., 1915, by defendant, from judgment of the Municipal Court Philadelphia Co., March T., 1915, No. 401, on verdict for plaintiff in case of Sallie Stella Wilson v. The Pullman Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for injuries to personal property.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff, Sallie Stella Wilson for $388.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.[*]

*F. S. Cantrell, Jr.,* with him *C. Andrade, Jr.,* for appellant.

The question of jurisdiction can be raised at any time and is properly raised on appeal to the Superior Court: Musselman's App., 101 Pa. 165; Middletown Road, 15 Pa. Superior Ct. 167.

A passenger is bound by the conditions printed on his ticket and the law presumes that he knew them: Bowers v. Pittsburgh, Ft. W. & C. R. R., 158 Pa. 302.

This limitation is sustainable notwithstanding actual negligence so far as the Pullman Company is concerned because it is not a common carrier: Pfaelzer v. The Pullman Palace Car Company, 4 Weekly Notes of Cases 240.

*Maurice W. Sloan,* for appellees, cited: McCaffrey v. Jackson, 23 Pa. Dist. Ct. 173.

OPINION BY PORTER, J., March 9, 1917:

The plaintiff was a passenger on a train of the Reading Railway Company from Philadelphia to Jersey City and was the holder of a ticket of the defendant company entitling her to occupy a seat in its car attached to the train. She paid for her railway transportation out of a mileage book issued by the Reading Railway Company. She took with her into the Pullman car, at Philadelphia, a valise, which contained articles for her own use upon a journey to Europe which she was then beginning. She occupied the seat in the car of the defendant company for which her ticket called and retained the valise in her possession until the train arrived at Jersey City. When the train was approaching the station at Jersey City the porter of the car took the valise in question and two traveling bags belonging to other passengers and carried them out on to the platform of the car; upon reaching the car platform the motion of the car caused him to lose his balance and he dropped the valise which fell from the car. When the train stopped the plaintiff waited with some friends while the porter went back and recovered the valise, which the verdict of the jury establishes was badly damaged and the contents lost or rendered practically useless. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The first question involved in this appeal is stated by the appellant in the following manner: "Can a judgment of the Municipal Court be sustained in an action of trespass for damages to personal property where the amount claimed in the statement is fifteen hundred dollars ($1,-500)?" The provisions of the statute conferring jurisdiction upon the court below, in so far as they are material in this case, are as follows: "The said court hereby created shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of six hundred ($600) dollars, except

that in actions for damages for personal injuries it shall have jurisdiction where the sum demanded by the plaintiff does not exceed one thousand five hundred ($1,500) dollars. The amount claimed by the plaintiff, where the said claim is for a sum certain, shall be conclusive as to the jurisdiction of the court; in all actions brought for the recovery of money, and in actions at law or in equity not involving any sum certain, the plaintiff shall file with his statement a certificate as to the amount of the thing or matter in controversy." The statute which created the court, the Act of July 12, 1913, is singularly free from technical expressions, it is written in the plain everyday language of the people, the system of procedure which it provided was free from all technical requirements, and it seems to have been the intention of the legislature that, with regard to that court, all legal crusts should be brushed aside and causes tried upon their merits. This being the character of the statute, it would seem, to the ordinary reader, that the words used in defining the jurisdiction of the court should be held to have the meaning which they convey to the vast majority of the people of the Commonwealth. The words "actions for damages for personal injuries" would certainly be understood by all the citizens of the Commonwealth outside of the legal profession to mean suits to recover for injuries to the person, and not for injuries to property. The great body of the people do not understand the distinction between actions real and actions personal, they would be surprised to be told that an action of trover to recover the value of a horse, or an action of assumpsit to recover the amount of a promissory note, or an action of debt upon a bond, was an action to recover for a "personal injury." Now, in this case the plaintiff in her statement, which takes the place of a declaration at common law, averred that the porter of the car negligently allowed the said bag to drop from the train and that her property was thus injured. The wrong for which she seeks redress was the injury to her property. The rem-

edy for this would, at common law, have been by an action of trespass on the case, to recover damages. The statement averred that the plaintiff had sustained a loss in the sum of $1,500. If the plaintiff had sustained a property loss of $1,500 it would seem, at first blush, that the litigation was beyond the jurisdiction of the court.

The learned counsel for the appellee earnestly argues, however, that the phrase, "personal injuries," as used in the statute, is not necessarily limited to injuries connected with the person. That it includes acts which do not involve physical contact with the person injured, such, for example, as libel, slander, malicious prosecution, and other injuries affecting the mind or sensibilities of the individuals; that the word "injuries" was used in the sense of wrongs. He accepts, to a limited extent, the logical results of his position by saying: "The section of the act under consideration should, in our opinion, be construed to embrace within the term 'personal injuries' all classes of private wrongs arising from any wrongful act, neglect or default of any other person. The phrase 'action for damages for personal injuries,' as used in the act, is to be understood as comprising all actions for personal damages, as distinguished from real actions, and the legislature evidently intended only to bar such actions as at common law were in their nature 'real,' and which by a long course of legislative action are classed separately." He cites in support of this proposition Bryant *v.* American Surety Co., 69 Minn. 30. The Supreme Court of Minnesota in that case construed a statute which provided that the following actions must be brought within two years: "An action for libel, slander, assault, battery, false imprisonment or other tort resulting in personal injury," to include an action for malicious prosecution. That court based its decision upon the ground that an action for malicious prosecution, involving a criminal charge, was of kin to an action for slander or libel; that it was a tort of the same nature as those specifically named in the statute, and that the stat-

ute was to be construed as if it read: "An action for libel, slander, assault, battery, false imprisonment, or other like tort resulting in personal injury as do the actions named." It is here worthy of notice that the same court construed that same statute in the case of Brown v. Village, 67 Minn. 146, and it was there held that the statute did not apply to actions for personal injuries arising from negligence, but that it was limited to and included a class of wrongs of a nature similar to those specifically mentioned. The Supreme Court of Minnesota cannot, therefore, be relied upon as authority to sustain the contention of the appellee.

The general grant of jurisdiction to the court below contained in the provisions of the statute, above quoted, was "in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of six hundred ($600) dollars." There is here no ground for distinction between actions real and actions personal. The argument of the appellee is based upon the difference in the forms of actions. The legislature in this statute was dealing with the nature of the causes of actions, and not their forms. It conferred jurisdiction in all civil actions, to the amount of $600. Civil actions are the instruments provided by law through which a private individual may obtain redress of civil injuries. Civil injuries are an infringement or deprivation of the civil rights of individuals, considered as individuals. The rights of persons are either, first, those which concern and are annexed to the persons of men, and are called the rights of person; or they are secondly, such as a man may acquire over external objects, or things unconnected with his person, which are called the rights of private property. The primary rights of men are: (1) The right of personal security; (2) The right of personal liberty; and (3) The right of private property. These distinctions are clearly recognized in the Constitution of the United States and of the various states. The right of

personal security consists in a person's lawful and un-interrupted enjoyment of his life, his limbs, his body, his health, and his reputation.  The grouping of certain torts in the Minnesota statute above quoted, was a recognition of the fact that each of those torts was by the common law regarded as an infringement of a man's right to personal security, that is, a right connected with his person, as distinguished from a right of private property.  The law provided what was supposed to be an appropriate remedy for any deprivation or infringement of these individual rights.  There was an appropriate action for any injury to property either real or personal.  The remedy provided for the loss of or injury to personal property varied according to the circumstances as to whether the property was in possession or in action, and whether conditions were such as to permit a recovery of the specific property or such as to require compensation in damages.  All these actions came to be classified as personal actions.  They gave redress for the wrong committed against the property right of the plaintiff, and in most of them the object sought was the recovery of damages.  These forms of action have, under our system of procedure, been abolished, but the essential characteristics of the causes of actions still remain the same.  This being the case, we find nothing in the statute conferring jurisdiction on the court below which would warrant us in holding that the court was without jurisdiction to dispose of any case in which an individual was seeking to recover damages for any civil injury so long as the amount involved did not exceed $600, without regard to whether the wrong complained of involved an infringement of rights connected with his person or of his right to private property.  The legislature having fixed upon $600 as the limitation of the amount involved in any and all these causes of action, of which the court should have jurisdiction, are we warranted by the provisions of the statute in holding that this limitation is not to be applied in any case in which a plaintiff seeks to recover damages

for deprivation of or injury to his personal property? It is important here to observe that the statute affords no ground for a distinction between property in possession and property in action. An action to recover an amount due upon a bond, or a promissory note or any other contract, or for breach of contract, is as much an action to recover for injuries to the right of property, as is an action to recover damages for an injury to that property negligently caused. The action in all of such cases is what would have formerly been called a personal action. If, therefore, the contention of the appellee is well founded the Municipal Court has jurisdiction to the amount of $1,500 in all cases in which personal property is involved, nor can we see any reason why the same rule should not apply to claims for damages to real estate, where the actual title to the property was not involved. This would, in effect, make the statute to read "The court shall have jurisdiction in all cases where the title to real estate is involved when the value of the property does not exceed six hundred ($600) dollars, and in all other cases the court shall have jurisdiction where the value of the matter or thing in controversy does not exceed fifteen hundred ($1,500) dollars." We are not warranted in so reading the statute, to do so would make the exception as large as the general terms of the grant. The term "actions for damages for personal injuries" is, in Pennsylvania, generally understood to mean actions to recover for infringements of rights connected with the persons of men, and not with their rights of private property. It is so used by members of the legal profession in their intercourse with each other and in the arguments which they address to the courts. Words which have a generally recognized meaning in common parlance must be construed to have that meaning when used in a statute, unless a contrary intention appears. We, therefore, hold that the jurisdiction of the Municipal Court in cases involving the right to recover damages for deprivation of or

injury to personal property is limited to the sum of $600.

The appellee in this case has, however, asked leave to amend the statement by striking out the allegation that the plaintiff was damaged in the sum of $1,500 and inserting in lieu thereof the sum of $600. The amount recovered was only $388, and it clearly appears that the plaintiff never at any time claimed that she was entitled to recover more than that amount. The amount claimed by the plaintiff was not for a sum certain and, therefore, the averment of the statement was not conclusive as to the jurisdiction of the court, under the provisions of the statute. The plaintiff did not file in the court below, with her statement, a certificate as to the amount of the thing or matter in controversy, as provided by the statute, and which the defendant might have required her to do. The omission to do this is probably to be accounted for by the fact that the defendant company already had in its hands a detailed statement as to the goods lost and injured and the value thereof, which disclosed that the matter in controversy was less than $600. The defendant did not raise in the court below any question as to the jurisdiction, this was probably owing to the fact that all the parties clearly recognized the fact that there was no question that the actual value of the property in controversy was within the jurisdiction of the court. In view of all these facts and circumstances we are of opinion that the motion of the appellee should be allowed, and the statement is amended accordingly.

The other specifications of error are without merit. The plaintiff introduced in evidence a statute of the State of New Jersey, in which the loss of the property occurred, limiting the amount of liability for baggage carried for a passenger. That statute by its terms refers only to such baggage as the carrier takes into its possession and for which it gives a receipt. The schedules of tariffs filed by the Central Railroad of New Jersey, the Reading Railway Co. and the defendant company do not

seem to have any reference to baggage which is not taken into the actual custody of the carrier.   When a passenger takes her own handbag into the car with her, she assumes the risk, and the carrier is not liable for its loss unless she establishes by the evidence that that loss was due to some fault of the carrier.   The evidence in this case, however, was sufficient to warrant a finding that the porter upon the car, the employee of this defendant, was acting within the scope of his duties when he picked up the valise of the plaintiff and carried it out of the car.   The porter himself and the conductor so testified. The evidence was sufficient also to warrant a finding that the porter was negligent in dropping the valise from the car.   The case was for the jury and the specifications of error are dismissed.

The judgment is affirmed.