## Horwitz *v.* Wohlmuth, Appellant.

*Courts—Municipal Court of Philadelphia County—Jurisdiction
—Six hundred dollar limit—Amendment—Certificate of amount.*

Where on a bill in equity for an injunction filed in the Municipal Court of Philadelphia County, it appeared that defendant had sold his business and stock of goods to plaintiff for $675, and had agreed not to engage in the same business within a radius of five full blocks, the court has jurisdiction to entertain the bill where the trial judge finds as a fact that the promise not to engage in the business was of the value of $400 and the plaintiff in his bill claimed no specific amount. In such a case after the court has entered a decree nisi against the defendant, it may permit the plaintiff to amend the bill so as to certify that $400 was the amount in controversy.

Argued Dec. 15, 1916. Appeal, No. 345, Oct. T., 1916, by defendant, from decree of Municipal Court of Philadelphia Co., May T., 1916, No. 41, on bill in equity in case of Samuel Horwitz v. Louis Wohlmuth and Eva Wohlmuth. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction and for damages.

In addition to the facts stated in the opinion of the Superior Court, it appeared that the amount mentioned in the certificate filed as an amendment to the bill was $400.

*Error assigned* was in refusing to dismiss the bill for want of jurisdiction.

*Walter Thomas,* for appellants, cited: Nixon's Est., 48 Pa. Superior Ct. 259; Neubert v. Armstrong Water Co., 26 Pa. Superior Ct. 608; Caruso v. Gallo, 62 Pa. Superior Ct. 584.

*Joseph Gross,* for appellee, cited: Smith's Est., 59 Pa. Superior Ct. 8.

OPINION BY HENDERSON, J., March 16, 1917:

The appellant presents but one assignment of error and that challenges the jurisdiction of the court on the ground that the subject of controversy exceeded $600 in value. The proceeding is a bill in equity to restrain the defendants from carrying on the business of selling candy, tobacco, cigars and other articles of merchandise in violation of an agreement entered into between the plaintiff and Louis Wohlmuth on the 26th of October, 1915, at which time the plaintiff bought from the said defendant the fixtures and contents of his store at 4252 Main street in the City of Philadelphia. This contract provided that the "vendor shall not and will not engage as principal, agent or employee in a business of the same kind and nature within a radius of five full blocks from the store theretofore carried on by the said defendant." The consideration for the sale was $675. The bill alleged that the defendant, Louis Wohlmuth, in violation of his agreement had opened and was conducting a similar and like business at 121 Levering street, Philadelphia, which location was less than five blocks from the premises purchased by the plaintiff and that while the business was carried on in the name of Eva Wohlmuth, the wife of Louis Wohlmuth, it was in reality managed, operated and maintained by the said Louis and in his behalf, the use of the name of Eva Wohlmuth being a mere subterfuge to enable her husband to avoid his contract with the complainant. The defendants filed an answer denying the material averments of the bill and the case was so proceeded with that the facts were found in favor of the complainant by the trial court and a decree nisi entered June 28, 1916, which was made final September 18, 1916. No objection to the jurisdiction of the court was suggested in the answer, the question having been first raised apparently July 1, 1916, in an exception filed to the decree. The position taken by the appellant's counsel is that the contract of sale between the complainant and the defendant, Louis Wohlmuth, is

the matter or thing in controversy and that inasmuch as the consideration recited in the contract is $675, it appears on the face of the bill that the court is without jurisdiction.   An examination of the bill makes it apparent, however, that the complainant is not alleging an entire loss of his bargain but a breach of the contract with respect to the entering into a business in competition with the complainant within the restricted territory. The consideration paid for the store and the good will and the right to conduct the business without interference from the defendant, Louis Wohlmuth, is an entirely different thing from the damage resulting to the complainant because of the breach of the contract.   The learned trial judge found as one of the facts that $400 of the consideration above recited was the value of the promise of Louis Wohlmuth that he would not engage as principal, agent or employee in a business of the same kind and nature within the territory described in the contract.   On the facts, therefore, the case was clearly within the jurisdiction of the court.   The Tenth Section of the Act of July 12, 1913, creating the Municipal Court gives jurisdiction "in all cases in equity where the value of the matter or thing in controversy exclusive of interest and costs does not exceed the sum of $600."   It is further provided in the same section that "the amount claimed by the plaintiff where the said claim is for a sum certain shall be conclusive as to the jurisdiction of the court; and in all actions brought for the recovery of money and in actions at law or in equity not involving any sum certain the plaintiff shall file with his statement a certificate as to the amount of the thing or matter in controversy."   After the decree nisi was entered the complainant applied to the court for leave to amend the bill by filing a certificate of the amount in controversy which was duly allowed by the court and the bill amended nunc pro tunc as of the date of filing.   No exception was taken to this action and as the case now stands the value of the thing in action appears in the bill.

We have no doubt in regard to the power of the court to permit the amendment even after the evidence was closed. The defendants were in no wise prejudiced; the subject of the controversy was not changed and the amendment conformed to the facts as established by the evidence. The Act of May 4, 1864, P. L. 775, gives ample authority to the courts to permit amendments to bills, answers, pleas or other matters in equity and this authority has been freely exercised in aid of the expeditious administration of justice. We are not prepared to assent to the proposition that the court had not jurisdiction because the complainant did not in the first instance file a certificate as to the value of the thing in controversy. It is this value which determines the jurisdiction of the court and the certificate should be filed as required by the statute. The defendants might have declined to proceed to trial because it did not appear that the subject of controversy did not exceed $600 in value but having gone through the trial without objection on that account it is too late, after the amendment is allowed, to be heard. The court's jurisdiction is not declared by the statute only to exist when the certificate of value is filed. Jurisdiction is first granted to the limit fixed. The act then provides a means by which that jurisdiction may be ascertained. Such a certificate may properly be filed nunc pro tunc. A similar question was raised in Dick's App., 106 Pa. 589, where a bill in equity was filed under the Act of June 13, 1840, for an account render. That statute gave the Courts of Common Pleas equitable jurisdiction in such a proceeding. It provided however, in Section 19, that "No bill in chancery shall be entertained unless the counsel filing the same shall certify that, in his opinion, the case is of such a nature that no adequate remedy can be obtained at law." The complainants filed a bill for an account but their counsel neglected to file the certificate required by the statute. After a master had been appointed the court refused to permit an amendment in that respect and dismissed the

bill for that reason.   It will be observed that the Act of 1840 prohibits the court from entertaining a bill unless the counsel shall certify as therein provided.   The act constituting the Municipal Court contains no such prohibition.   Yet, in the case cited it was held to be clear that the court had power to permit the amendment and to direct that the filing be as of the date of the filing of the bill, and in the opinion the court said: "A plainer case for amendment is not likely to arise in practice." It was further said that "the ruling of a court of equity on a motion to amend will not be reversed save for plain and hurtful error."   The facts being sufficient to give the court jurisdiction the objection is not to the power of the court to hear the case but to the form in which it is brought before it.   Of similar import is Schenley, et al., v. The Commonwealth, for the use of the City of Allegheny, 36 Pa. 29.   In that case the Acts of Assembly of June 16, 1836, and of March 13, 1844, required that all civil actions in which the City of Pittsburgh or of Allegheny may be directly or indirectly interested should be tried in the district court before a jury from which all persons resident or owning property in said city shall be omitted.   The acts further provided that the certificate of the Mayor's Court of the City of Pittsburgh or of the Presiding Judge of the Fifth Judicial District composed of the County of Allegheny that the indictment or civil cause proposed to be removed was in his opinion within the meaning of the seventh section of the act should be conclusive evidence of the jurisdiction of the District Court in such case and that thereupon all papers connected therewith should be transmitted to the District Court.   Objection was there made that no certificate had been filed by the presiding judge of the Fifth Judicial District and that, therefore, the District Court was without jurisdiction.   This was held to be an insufficient objection on two grounds: first, that it was not raised in time and secondly, that it was an objection to form and not to the substance of jurisdiction.   These

cases and others which might be cited we regard as conclusive of the question.

The assignment is overruled and the appeal dismissed at the cost of the appellant.