## Shlifer *v.* Bergdoll, Appellant.

*Pleadings—Amendments—Amount in controversy—Jurisdiction —Courts—Municipal Court of Philadelphia.*

Where an action of trespass for personal injuries is instituted in the Municipal Court of Philadelphia County by filing, under the rules, an affidavit to hold to bail, in which the damages are fixed at $1,500, and a summons capias is especially allowed by a judge of the court, and subsequently a statement is filed in which the damages are set out at $10,000, the court may, at the opening of the trial, permit the statement to be amended by reducing the amount to $1,500 to conform to the jurisdiction of the court.

Argued Oct. 12, 1917.    Appeal, No. 195, Oct. T., 1917, by defendant, from judgment of the Municipal Court, Philadelphia Co., March T., 1914, No. 359, on verdict for plaintiff in case of Lewis Shlifer, by his next friend and father, Maer Shlifer, and Maer Shlifer, in his own right, v. Grover C. Bergdoll.    Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before GORMAN, J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiffs for $1,000 and $41 respectively.

86, (1918).]    Assignment of Errors—Opinion of the Court.

*Errors assigned* were (1) in dismissing defendant's motion to dismiss the case for want of jurisdiction; (2) in permitting the statement to be amended.

*Jacob Mathay,* for appellant.—In cases when the authority of a court to proceed is conferred by statute and the manner of obtaining jurisdiction is prescribed thereby, the mode of proceeding is mandatory, and where it is not strictly complied with the proceeding is void: Harris v. Mercur, 202 Pa. 313; Hancock v. Barton, 1 S. & R. 269; Burr v. Bayne, 10 Watts 299; Fenton v. Harred, 17 Pa. 158.

Objection to the jurisdiction may be taken at any stage of the proceeding: Musselman's App., 101 Pa. 165; Williams v. Fowler, 201 Pa. 336; Schenley v. Com., 36 Pa. 29; Fowler v. Eddy, 110 Pa. 117.

The learned trial judge erred in permitting an amendment, reducing the amount demanded by the plaintiffs in their statement of claim, so as to bring the case within the jurisdictional amount of the court.

*Francis M. McAdams,* with him *Harry P. Felger* and *William H. Wilson,* for appellees.—The amendment was proper: Penna. & N. Y. R. R. Co. v. Bunnell, 81 Pa. 414; Burk v. Huber, 2 Watts 306; Lerner v. Felderman, 64 Pa. Superior Ct. 287; Wilson v. Pullman Co., 65 Pa. Superior Ct. 499; Horwitz v. Wohlmuth, 66 Pa. Superior Ct. 321; Trego v. Lewis, 58 Pa. 463; Smith v. Bellows, 77 Pa. 441; Clement v. Com., 95 Pa. 107.

OPINION BY ORLADY, P. J., March 2, 1918:

On June 12, 1912, when the legal plaintiff was fourteen years of age, he was bicycling on one of the popular thoroughfares in Fairmount Park. While riding about five feet from the right-hand curb of the road he noticed two automobiles approaching on the opposite side of the avenue. The first one signalled by horn, and the second machine, without giving any signal took a sharp turn

toward the middle of the driveway, in an effort to pass around the forward machine, and in so doing struck the plaintiff bicyclist, broke his machine and very seriously injured him.   There was some dispute between plaintiff's and defendant's witnesses as to the speed of the cars, and the exact location each occupied on the driveway, but the serious character of plaintiff's injuries was not disputed or that they were caused by the second car running him down.   The suggestion that the boy was zigzagging in the middle of the road, and ran into the Bergdoll car was evidently disregarded by the jury as not entitled to any credence.   The disputed facts were fairly submitted to the jury, and the verdict of $1,000 for the legal plaintiff and $41 for the father was fully justified by the testimony.

It is urged that the Municipal Court was without jurisdiction, for the reason that the plaintiff's statement of claim laid the damages claimed at $10,000,—a sum admittedly beyond the jurisdiction of the Municipal Court.

This action was instituted by filing, under the rules of the Municipal Court, an affidavit to hold to bail, in which the damages claimed were fixed at $1,500.   A summons capias was specially allowed by a judge of that court, issued and served, and after preliminary pleadings affecting only the personnel of the parties, a statement of claim was filed in which the damages were set out at $10,000.   This apparent error was called to the attention of the court at the opening of the trial, when leave of court was granted, under objection, to amend the plaintiff's statement by reducing the amount to $1,500, and the trial proceeded.   The rules of the Court of Common Pleas of Philadelphia County govern the practice and procedure in the Municipal Court, except as modified by the act of assembly approved July 12, 1913, P. L. 711, and it is manifest that after fixing the amount of bail in the specially allowed writ at $1,500, the court had jurisdiction in this action of trespass to that amount and that the inadvertent error in naming the damages

at $10,000 was easily remedied by amending the statement to conform to the original amount claimed. The authority of the Municipal Court to allow amendments must be recognized as having statutory warrant, and has been fully considered in Lerner v. Felderman, 64 Pa. Superior Ct. 287; Wilson v. Pullman Co., 65 Pa. Superior Ct. 499; Horwitz v. Wohlmuth, 66 Pa. Superior Ct. 321; Hollinger v. York Railway, 225 Pa. 419. The averment of damage in a statement is not proof of the amount due the plaintiff, and in negligence cases, as is well known, the amount laid in the statement is ordinarily mentioned largely in excess of the sum which the plaintiff expects to recover, and is certainly not a standard for estimating the damages due him. As stated by our Brother HENDERSON, in Horwitz v. Wohlmuth, supra, we have no doubt in regard to the power of the court to permit the amendment even after the evidence was closed. The defendant was in no wise prejudiced, the subject of the controversy was not changed, and the amendment conformed to the facts as established by the evidence.

We find no reversible error in this record, and affirm the judgment.