## Reily v. Shafer, Appellant.

*Courts — Municipal Court of Philadelphia — Jurisdiction — Amount.*

Where a plaintiff brings an action of trespass in the Municipal Court of Philadelphia County to recover damages for injuries to personal property, and in his statement of claim fixes the amount of money demanded at the sum of $1,200, but fails to file any certificate as to the real extent of his loss, the court should sustain a plea to the jurisdiction filed by the defendant; but if it does not do so, and at the trial the plaintiff seeks to recover a sum in excess of $600, and the jury returns a verdict for less than $600, and judgment is entered thereon, such judgment will be reversed on appeal. In such a case the appellate court will not allow at the bar of the court a motion to amend the statement of claim so as to reduce the amount demanded to the sum of $600.

Argued Oct. 15, 1917. Appeal, No. 63, Oct. T., 1917, by defendant, from judgment of Municipal Court, Oct. T., 1915, No. 361, on verdict for plaintiff in case of Edmund J. Reily v. Martha L. Shafer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for injuries to an automobile. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $450. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant, and in entertaining jurisdiction of the cause and entering judgment for plaintiff.

*C. J. Hepburn,* of *Hepburn, Dechert & Norris,* for appellant.—The court had no jurisdiction : Wilson v. Pullman Co., 65 Pa. Superior Ct. 499 ; Collins v. Collins, 37 Pa. 387 ; Zimmerman v. Snyder, 9 Pa. Superior Ct. 201 ; Givens v. Ledebrink, 31 Pa. Superior Ct. 298 ; Ballingall v. Kite, 41 Pa. Superior Ct. 428.

*William T. Connor,* for appellee.

OPINION BY HEAD, J., October 12, 1918 :

The plaintiff brought this action of trespass in the Municipal Court of Philadelphia County to recover damages arising from the injury to or partial destruction of certain personal property. In his statement of claim he fixed the amount of money demanded at the sum of $1,-200. The defendant filed an answer responsive, as to the facts averred in the statement, and at once challenged the jurisdiction of the court to entertain and try such a case. The plaintiff failed to file any certificate setting forth the real extent of his loss. The docket entries show no specific ruling by the court on what we may call the plea to the jurisdiction. The case was tried and the plaintiff, by his evidence, sought to establish a right to recover in a sum beyond $600. A verdict was rendered for less than that sum and judgment was entered thereon. The defendant appeals.

It is urged here, as it was in the court below, that the Municipal Court was without jurisdiction to try and de-

termine the controversy between the parties. We suppose it to be a principle of very general, if not of universal recognition, that where a suitor seeks the aid of a court to enforce a claim he must present a cause of action within the jurisdiction of the court. This is especially true where he brings his action in a court of limited jurisdiction and the statutory law clearly defines the extent of that jurisdiction. Since the decision of Wilson v. Pullman Co., 65 Pa. Superior Ct. 499, we start with the proposition that the jurisdiction of the court below in cases of this character was necessarily confined to the sum of $600. When therefore the plaintiff filed his statement of claim demanding the sum of $1,200, he stated himself out of court. He neglected to avail himself of the opportunity afforded by the statute to file with his statement a certificate showing the real extent of the injury suffered by him and the actual amount of money that would compensate such injury. The defendant at once exercised her right to deny the jurisdiction of the court and put such denial on record in the answer she filed. Notwithstanding this, the plaintiff proceeded still further by proof to make out a claim beyond the sum named in the statute which measured the boundary line of the court's jurisdiction.

Why should not the plea to the jurisdiction have been sustained? Both the pleadings and the evidence unite in declaring that the claim of the plaintiff was beyond the jurisdictional limit. It is true the jury declined to accept the plaintiff's evidence as a reason for awarding to him the full amount claimed and rendered a verdict within the jurisdictional limit. Can it be successfully urged that the verdict grounded the jurisdiction where, up to that time, there would be no foundation for it? This would mean that the jury in such cases was to determine by its verdict whether or not the trial court had jurisdiction of the cause of action. This would surely be a novel doctrine. We are of opinion the learned court below was without jurisdiction to dispose of the cause

of action presented both by the pleadings and proof of the plaintiff.

But we are asked to allow at the bar of this court a motion to amend the statement of claim so as to reduce the amount demanded to the sum of $600. In the face of the pleadings and evidence we must decline to grant this motion. The case on its own facts is radically different from Wilson v. Pullman Company, supra. It is true that in that case the statement of claim demanded damages in excess of the sum of $600; but it is also true that, before the action was begun, the plaintiff had rendered to the defendant an exact statement in writing showing that her actual claim was well within the jurisdiction of the Municipal Court. As a consequence, when the action was brought no question was raised as to the jurisdiction of the court. The plaintiff had put it out of her power to make any claim in excess of the jurisdiction by furnishing the written statement referred to. Her proof in no way tended to establish any greater claim, and the question of the jurisdiction was never raised until the case reached the appellate court. Under such circumstances we could see no abuse of the power lodged in this court when we allowed, nunc pro tunc, an amendment tending to make the record correspond with the facts actually appearing on the trial. The difference between that state of facts and what is presented by this record we think is apparent. The motion to amend must therefore be denied. Being of opinion the court was without jurisdiction, we necessarily reverse the judgment.

Judgment reversed.