## Kirk Johnson and Company v. Wilson

*Schmidt, Keesey, Stair & Kurtz*, for petitioner.
*Donald S. Yost* and *Jacob E. Weaver*, contra.

SHERWOOD, J., October 24, 1932.—This is a motion to strike off a judgment entered in the Court of Common Pleas of York County, Pa., to No. 171, October Term, 1931. From the docket entries it appears that the plaintiff, Kirk Johnson & Co., on March 24, 1926, entered into a written lease by which it leased and rented unto Steve Wilson one player piano for the term of 36 months, reserving for the rental or use thereof the sum of $1,375, payable $50 in cash, $50 on delivery of the piano and $1,275 in monthly payments of $35 each on the 8th day of each month during the term of the lease, beginning April 8, 1926. The lease contained the following additional provisions: "And for the further securing of said rent the said lessee hereby authorizes and empowers any attorney of any court of record of Pennsylvania or elsewhere to appear for and after default in any one payment of rent to enter judgment against him for the entire rent reserved for the whole of said term. . . ." On October 30, 1931, the use-plaintiff duly filed an affidavit of default made by A. Z. Moore. This affidavit, after reciting the terms of the lease, avers payments made by the defendant from time to time aggregating $440 and leaving an unpaid balance of $926,

and further states that "under the terms of said lease the lessee, after default in any one payment of rent, confesses judgment for the entire rent reserved for the whole of said term." The prothonotary duly copied on the appearance docket the affidavit of default as made by A. Z. Moore. Underneath this entry appears the following entries:

"October 30, 1931, affidavit of default filed. Filed and entered Oct. 30, 1931.

"George P. Livingston, Prothonotary."

The motion to strike off averred that under the provisions of said lease a confession of judgment under said lease can be made only by an attorney of any court of record of Pennsylvania or elsewhere, and that it does not appear that A. Z. Moore is an attorney of any court of record of Pennsylvania or elsewhere, and therefore said judgment was entered without any authority under said lease. An answer was duly filed by the use-plaintiff in which no denial is made of petitioner's allegation that A. Z. Moore is not an attorney, but which avers that the confession of judgment is clearly within the language of the Act of February 24, 1806, 4 Sm. L. 270, 278, sec. 28, which provides for the entry by the prothonotary of an instrument in writing "containing a warrant for an attorney at law, or other person to confess judgment, . . . for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed." To this answer the defendant replies that no judgment was entered by the prothonotary that was formal and certain both as to amount and as to parties.

It is well settled that the Act of 1806, authorizing the prothonotary to enter judgment on a note, etc., being in derogation of the common-law right to be legally summoned or to voluntarily appear in some form, should be strictly construed: Oberlin, to use, v. Parry, 287 Pa. 224. In the instant case it is admitted that A. Z. Moore is not an attorney of any court of record of Pennsylvania or elsewhere. The record of a judgment entered by confession must be self-supporting; if the warrant runs only to an attorney of a court of record, it must affirmatively appear that the person who confessed judgment was such an attorney. The record must show that the defendant was served with process or voluntarily appeared, or that the judgment was confessed by an attorney of a court of record of Pennsylvania: Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586. It follows that Moore, not being an attorney, could not confess judgment against the defendant.

It is contended, however, that the judgment was entered by the prothonotary under the provisions of the Act of 1806. If so, the judgment must be expressed by and contained in the words "Filed and entered October 30, 1931." What was filed and entered? Was it the affidavit of default or a judgment? If the latter, the natural conclusion would seem to be that it was the judgment by confession contained in the affidavit of default. If the prothonotary had intended to enter a judgment, would he not at least have used the word "judgment" and stated the amount? If, however, the words "filed and entered" are intended to designate the entry of a judgment by the prothonotary, it would seem that they are ineffective to create a valid judgment, because the amount is not stated and cannot be determined from the record. Is this judgment as entered for the $926 claimed to be due or for the entire rent reserved for the whole of the said term? It seems to the court that the instant case is controlled by Park v. Holmes, 147 Pa. 497, 500, where the court said:

"No court in this country, or elsewhere, has gone to a greater length than the courts of this state in sanctioning extreme brevity in the entry and record of judgments; but when we are asked to sustain a so-called judgment, which is silent as to the sum for which, and the person or persons against whom it was intended to be entered, it is time to draw the line."

In addition, the Act of March 29, 1827, 9 Sm. L. 319, sec. 3, provides:

"The entries in each case in said judgment-docket shall particularly state and set forth the names of the parties, the term and number of the case, and the date, and in case the judgment shall be for a sum certain, the amount of the judgment or award."

Here there is nothing on the judgment docket to indicate for what sum judgment was entered, even if we concede that the words "Filed and entered October 30, 1931," were actually the entry of a judgment. In addition, it would seem that the filing of the affidavit with the prothonotary was a mere request or order to the prothonotary to enter a definite and specific judgment. It is somewhat similar to an order of a court directing the prothonotary to enter a judgment. Such an order is not a judgment. It simply directs that a judgment be entered, the intention being that the prothonotary shall enter the formal judgment. No formal judgment has been entered in this case. It follows that the rule to strike off must be made absolute for the reason that no amount is stated in the entry made by the prothonotary, nor can it be determined with certainty from the record.

And now, to wit, October 24, 1932, it is ordered and decreed that the rule granted September 6, 1932, to show cause why the judgment at No. 171, October Term, 1931, should not be stricken from the record is made absolute and said judgment is stricken from the record, and an exception is granted to the use-plaintiff, Steinman Hardware Company, to the action of the court in this regard.                           From George Hay Kain, York, Pa.