## Porter *v.* Zeuger Milk Company, Appellant.

Argued April 24, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Charles Lysle Seif,* of *Seif, Evashwick & Best,* for
appellant.

*Emerson Hazlett,* for appellee.

OPINION BY KELLER, P. J., June 27, 1939.

Plaintiff brought this action of trespass in the county
court to recover damages for personal injuries sus-
tained by him in a collision between his automobile and
defendant's truck, which was negligently operated by
the latter's duly authorized agent. In the statement of
claim filed by him plaintiff claimed damages in the
amount of $2500, the limit of the county court's juris-
diction.

A trial was had before a jury, which resulted in a verdict for the plaintiff of $5000. Defendant filed a motion for new trial on the grounds that the verdict was (1) against the law, (2) against the weight of the evidence, (3) excessive and above the court's jurisdiction, and (4) not consistent with the credible evidence. Plaintiff filed a remittitur, releasing all of the verdict in excess of $2500 and agreeing to accept the sum of $2500 in full payment and settlement of his action and claim against the defendant.

The court refused the motion for a new trial, reduced the verdict to $2500, pursuant to said remittitur, and entered judgment in that amount.

Defendant appealed.

In *Gratz v. Phillips,* 5 Binney 564, 567, (1813), Chief Justice TILGHMAN said: "In actions sounding merely in damages, the rule is established, that the plaintiff can recover no more than the amount laid in his declaration. If a verdict is found for more, the plaintiff may release the overplus, and take judgment for the amount declared for." This seems still to be the law. See 6 Standard Penna. Practice, sec. 49, p. 207. It was evidently the "complete remedy" referred to in *Hollinger v. York Rys. Co.,* 225 Pa. 419, 425, 74 A. 344.

There would seem to be no just ground for refusing to apply the same rule where the amount claimed in the declaration or statement was within the jurisdiction of the court but the verdict of the jury was in excess of it. The plaintiff should have the like right to release all of the verdict in excess of his demand and of the court's jurisdiction and enter judgment for the amount claimed by him within such jurisdiction. In *Wilson v. Pullman Co.,* 65 Pa. Superior Ct. 499, 507, this court allowed an amendment at bar of the plaintiff's statement, bringing it within the jurisdiction of the municipal court.

Whether or not an action is properly brought in a court whose jurisdiction is limited as to the amount

involved, is generally determined by the amount claimed in the plaintiff's declaration or statement: *Forrester v. Alexander*, 4 W. & S. 311; but the statement may be amended by reducing the damages claimed to an amount within the jurisdiction of the court: *Shlifer v. Bergdoll*, 69 Pa. Superior Ct. 86, 88, 89; and this has been allowed even after the close of the testimony and the entry of a decree nisi: *Horwitz v. Wohlmuth*, 66 Pa. Superior Ct. 321. Such an amendment was refused in *Reily v. Shafer*, 70 Pa. Superior Ct. 289, 291, 292, only because the plaintiff had persistently demanded, both in his statement and on the trial, damages in excess of the jurisdiction of the municipal court.

At the trial of an action for damages for personal injury it is reversible error for the court to state to the jury the amount of damages claimed by the plaintiff in his pleadings: *Hollinger v. York Rys. Co.*, supra, p. 425. Hence the plaintiff is not permitted to state to the jury the amount of his claim; nor inform them of the limit to their verdict fixed by the court's jurisdiction. Any infraction of the established practice in this respect would be ground for the withdrawal of a juror and the ordering of a new trial. That being the case, the plaintiff should not be put to the trouble, delay and hazard of a new trial, (*Culver v. Lehigh V. T. Co.*, 322 Pa. 503, 512, 186 A. 70),[1] merely because the jury, having no knowledge of the limit of plaintiff's claim, returns a verdict in excess both of the amount claimed and of the court's jurisdiction. Justice will be done by a release or remittitur of the verdict in excess of the court's jurisdiction and of the amount claimed; and the court can always control an excessive or unreasonable verdict by the grant of a new trial.

If a verdict for $5000 should be arrived at by a jury

---

[1] "There are circumstances in the present case which would make it inequitable to plaintiffs if, merely because of excessiveness of verdicts, they should be obliged to have their case retried": *Culver v. Lehigh V. T. Co.*, supra, p. 512.

in the county court while the court was in session, and before the jury had separated following the delivery of a sealed verdict, we have no doubt that instead of accepting and recording the verdict, the court could properly instruct the jury that the verdict exceeded the jurisdiction of the court and that no verdict in excess of $2500 could stand, leaving the jury to correct the verdict by reducing it to the jurisdictional amount, $2500. The same result was accomplished by the method used in the court below, and the defendant was not harmed by it.

The trial judge in this case was satisfied that the plaintiff was entitled to the damages claimed in his statement, and even said that the evidence adduced at the trial justified a larger verdict. The defendant offered no defense whatever on the trial. A retrial of the case might result in a repetition of a verdict in excess of $2500.

We are not convinced that any reversible error was committed or harm done to the defendant by the action of the court below.

Judgment affirmed.