Paone et ux. *v.* Romanini, Appellant.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*G. Theo. Maioriello,* for appellant.

No one appeared or filed a brief for appellees.

OPINION BY RENO, J., January 8, 1948:

This is an appeal from the order of the Municipal Court of Philadelphia discharging appellant's rule to show cause why a judgment in ejectment entered against him upon a confession contained in the lease for an apartment should not be stricken off.

In the court below appellant contended that the court was without jurisdiction, and limited his argument to the proposition that the judgment was improperly confessed, relying solely upon *Jameson Piano Co. v. Earnest,* 66 Pa. Superior Ct. 586. That case ruled that a confession of judgment entered without an appearance on behalf of the defendant in the Municipal Court was invalid. Here, however, the judgment was entered pursuant to an agreement in an amicable action of ejectment signed by the attorneys for appellant and

lessors, the former acting under a term of the lease which provided in part: "any Attorney is hereby authorized and empowered to sign said Amicable Action in Ejectment for the said Lessee (or party claiming under him), and also to appear for and confess judgment therein against said party Defendant for the recovery of the possession of the aforesaid premises." In *Noonan, Inc. v. Hoff*, 350 Pa. 295, 38 A. 2d 53, Mr. Justice HORACE STERN thoroughly explained the two methods of entering confessed judgments, showing that where the judgment is not, or cannot be, entered by virtue of the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, 12 PS §739, it may be entered pursuant to an agreement between attorneys of the parties. Indeed, *Jameson Piano Co. v. Earnest,* supra, held as much, and the court below properly refused to adopt appellant's contention.

In this court appellant widened the scope of his jurisdictional objection, and argued that appellees' omission to file a certificate of the amount in controversy as required by the Act of July 12, 1913, P. L. 711, §10, as amended, 17 PS §693, deprived that court of jurisdiction. That act limits the jurisdiction of the Municipal Court to "civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of two thousand five hundred dollars ($2,500)". It also provides that "in actions . . . not involving any sum certain, the plaintiff shall file with his statement a certificate as to the amount of the thing or matter in controversy." The required certificate was not filed.

The thing actually in controversy is possession of a second floor apartment which was leased to appellant for one month at $30 per month. The averment of default shows no claim upon appellant for anything more than possession. The appeal did not become a supersedeas, and appellees issued execution and, under an alias habere facias possessionem with a fi. fa. clause, ousted appellant and collected $47.40 costs. Undoubt-

edly the subject matter of the controversy is well within the jurisdictional boundaries of the court below.

Nonetheless the certificate should have been filed, and doubtless the court below would have allowed appellees to file it nunc pro tunc had appellant raised the question in that court. But failure to file the certificate did not oust the jurisdiction of the court below. In the early history of the Municipal Court, this court had occasion to consider this matter, and speaking through Judge HENDERSON said: "We are not prepared to assent to the proposition that the court had not jurisdiction because the complainant did not in the first instance file a certificate as to the value of the thing in controversy. . . . The court's jurisdiction is not declared by the statute only to exist when the certificate of value is filed. Jurisdiction is first granted to the limit fixed. The act then provides a means by which that jurisdiction may be ascertained. Such a certificate may properly be filed nunc pro tunc. . . . The facts being sufficient to give the court jurisdiction the objection is not to the power of the court to hear the case but to the form in which it is brought before it": *Horwitz v. Wohlmuth,* 66 Pa. Superior Ct. 321, 324, 325. See also *Wilson v. Pullman Co.,* 65 Pa. Superior Ct. 499; *Shlifer v. Bergdoll,* 69 Pa. Superior Ct. 86; *Ladner v. Forman and Friess,* 107 Pa. Superior Ct. 245, 163 A. 359; and cf. *Porter v. Zeuger Milk Co.,* 136 Pa. Superior Ct. 48, 7 A. 2d 77.

Appellees should have appeared in this court and sought leave to file the certificate nunc pro tunc. However, in the circumstances, the case having been virtually ended by the execution process, we shall affirm the order upon the condition that the proper certificate is promptly filed in the court below, leave to file which is hereby allowed.

Order affirmed.