## M. & E. Realty & Mortgage Co. v. Montgomery

*Richman, Price & Jamieson,* for plaintiff.

*Ravetz & Shuchman,* for defendant.

LEVINTHAL, J., October 26, 1956.—On April 25, 1956, an individual acting for plaintiff filed with the prothonotary a written instrument, signed by defend-

ant, upon which judgment was entered by the prothonotary. The instrument provides in part as follows:

"I hereby authorize M. & E. Realty & Mortgage Co. to obtain a loan on First Mortgage on Property as above set forth. I agree to pay all necessary expenses, including cost of Papers, Recording, Fire Policy, Title Insurance, and service fee of $900. in consideration for securing the Mortgage. . . .

"In the event that the said M. & E. Realty and Mortgage Co. does obtain a commitment for the loan as above requested, and I, we, fail or refuse to consummate such loan, for any reason, then I, we, do hereby authorize and empower any Attorney of any Court of Record of Pennsylvania, or elsewhere, to appear for and to enter judgment against me, us for the above sum. . . ."

Defendant contends that the judgment is defective and must be stricken for the following reasons: (1) Since the warrant runs only to an attorney confession by a person not an attorney was not authorized, and (2) since the power is conditioned on defendant's failure to consummate a loan, plaintiff having obtained a commitment, the absence of any averment that such default had occurred is fatal.

In support of its first contention, defendant relies upon Kirk Johnson & Company v. Wilson, 18 D. & C. 672 (C. P., York County, 1932), and Jameson Piano Co. v. Ernest, 66 Pa. Superior Ct. 586 (1917). In our opinion the latter case would seem to support plaintiff rather than defendant. This is apparent from the following statement on page 587 of the court's opinion:

"There is no doubt that had the judgment been entered in the Court of Common Pleas of Philadelphia County by the Prothonotary (instead of in the Municipal Court by the Clerk of that court), though the praecipe for the entry of judgment and the declaration

or statement filed was not signed by the defendant or an attorney for him, the judgment would have been good under the 28th Section of the Act of February 24, 1806, 4 Sm. L. 278 (citing cases)."

Moreover, the Kirk Johnson case is flatly contra to Jones & Sons, Inc., v. Piontkewski, 37 D. & C. 504 (C. P. Luzerne County, 1939). The latter case is, in our opinion, supported by the Supreme Court case upon which it relies: Commonwealth v. J. & A. Moeschlin, Inc., 314 Pa. 34, 41 (1934).

Defendant's second contention, however, must be sustained. Since the power to confess judgment contained in the instrument is dependent upon the occurrence of a default, the absence of any averment of default renders the judgment defective: Kolf v. Lieberman, 282 Pa. 479, 482 (1925) ; 6 Standard Pa. Practice 702, §219. West Penn S. & G. Co. v. Shippingport S. Co., 367 Pa. 218 (1951), does not help defendant here. In that case an averment of default had been filed. The only irregularity was the failure to attach to the affidavit a copy of a notice specifying particulars which had previously been served on defendant in accordance with the contract.

Defendant's rule to strike off the judgment is made absolute.