[No. 13783.    Department One. — June 2, 1890.]

# ALEXANDER G. HAWES, RESPONDENT, v. JOSEPH CLARK, APPELLANT.

NEW TRIAL — CONTINUANCE — DISCRETION. — It is not an abuse of discretion warranting a new trial for the court to refuse a continuance on the ground of the inflamed condition of the eyes of counsel, if, notwithstanding the alleged disability, the counsel immediately proceeds to participate in and conduct the trial in person.

ORAL WAIVER OF JURY TRIAL — TRANSFER OF CAUSE — ESTOPPEL. — When an oral waiver of a jury trial is made in open court by the defendant's counsel, at the time when the case is set for trial, in consideration of an agreement with plaintiff's counsel that the case shall be transferred to another department of the superior court and tried at a future time therein, the defendant is estopped from objecting at such future trial that his waiver was not entered upon the minutes of the court. After having received the benefit of the transfer, and secured the delay sought by him, he cannot be allowed to avoid the accompanying burden of a trial before the court without a jury.

FINDINGS — WANT OF FINDING UPON AFFIRMATIVE DEFENSE. — When the findings support the judgment, and contain nothing inconsistent with it, the failure to find upon affirmative defenses will not be ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to the issues presented by such defenses.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Theodore Bradley*, and *M. G. Cobb*, for Appellant.

The sudden and unforeseen disability of counsel is a ground for continuance. (*People* v. *Logan*, 4 Cal. 189; *Thompson* v. *Thornton*, 41 Cal. 628.)   A jury trial cannot

be waived except in the mode prescribed by statute, and an oral agreement in open court is not binding if not entered in the minutes. (Code Civ. Proc., sec. 631; *Exline* v. *Smith*, 5 Cal. 112; *Smith* v. *Polack*, 2 Cal. 94· *Patterson* v. *Ely*, 19 Cal. 36; *Comm'rs* v. *Younger*, 29 Cal. 149; *Borkheim* v. *N. B. & M. Ins. Co.*, 38 Cal. 623; *Merritt* v. *Wilcox*, 52 Cal. 238; *Sweeney* v. *Stanford*, 60 Cal. 362.) The rule requiring findings upon every material issue applies not only to issues raised upon the allegations of the complaint, but also to issues raised upon affirmative defenses in the answer, or upon a counterclaim or cross-complaint. (*People* v. *Forbes*, 51 Cal. 628; *Billings* v. *Everett*, 52 Cal. 661; *Dowd* v. *Clarke*, 51 Cal. 263; *Harris* v. *Burns*, 51 Cal. 528; *Kennedy* v. *Berry*, 52 Cal. 87; *Watson* v. *Cornell*, 52 Cal. 91; *Swift* v. *Canavan*, 52 Cal. 419.) And a finding upon every material issue is necessary, although no evidence was introduced upon such issue. (*Speegle* v. *Leese*, 51 Cal. 415.)

*Edward J. Linforth, A. C. Searle*, and *Henry N. Clement*, for Respondent.

The entry of the waiver upon the minutes *nunc pro tunc* was proper. (*Mays* v. *Hassel*, 4 Stew. & P. 222; 24 Am. Dec. 750; *Davis* v. *Hooper*, 4 Stew. & P. 231; 24 Am. Dec. 751; Freeman on Judgments, 3d ed., secs. 63, 68; *Rugg* v. *Parker*, 7 Gray, 172; *Burnet* v. *State*, 14 Tex. 455.) Findings are not essential upon the affirmative defenses of the answer, no evidence appearing in the record in support thereof, and no prejudice appearing to result to the appellant. (*Wise* v. *Burton*, 73 Cal. 75; Code Civ. Proc., sec. 475; *McCourtney* v. *Fortune*, 57 Cal. 617; *Chase* v. *Evoy*, 58 Cal. 348, 358; *Belcher Con. G. M. Co.* v. *Defferari*, 62 Cal. 160.)

FOOTE, C.—Hawes obtained a judgment against Clark, based upon two promissory notes. From that judgment, and an order denying a new trial, the defendant appeals.

Appellant claims that the trial court should have granted the motion for a new trial, made in his behalf, because it was guilty of an abuse of discretion in not granting a continuance on the ground of the inflamed condition of the eyes of his counsel. The court saw the counsel and his condition at the time the application was made, and was a further witness to the fact that, notwithstanding his alleged disability, he immediately proceeded to participate and conduct the trial in person. Under this state of facts, we cannot agree with the defendant's contention on that point.

It is next urged in behalf of the appellant that the court erred in refusing to grant a jury trial, as there was no legal waiver of such trial. The facts surrounding the transaction seem to be that the cause was peremptorily set for trial on the 16th of April, 1888, in a certain department of the superior court for the city and county of San Francisco. The defendant's counsel was desirous of having it transferred to another department of that court, so as to secure a delay in the trial. The plaintiff's counsel acceded to this, if the other side would waive a trial by jury. The matter was agreed to upon that basis, and counsel appeared in open court and waived a jury, the cause being also set for trial on the 3d of May, 1888.

The waiver was not entered in the minutes in writing, and when the cause came on for trial on the 14th of the same month, the counsel for defendant asked for a continuance, which, as we have seen, was refused. He then demanded a jury trial. The court, after full examination of the attorneys and the clerk, became satisfied, and properly so, that the defendant's counsel had made the stipulation above adverted to, and had appeared in open court and waived a jury trial. Thereupon it refused a jury trial, and ordered the clerk to enter the waiver on the minutes *nunc pro tunc* as of the date when the same had actually been made.

Without going into the question as to whether the court had the power then to have such entry made, it is plain that the defendant is not in a position to complain of its action. He got the benefit of one part of the stipulation,—that is, the transfer of the cause to another department of the court than the one in which it was peremptorily set for trial,—and secured about a month's delay, which seemed to be his prime object, and should not be allowed to avoid the accompanying burden of a trial before the court without a jury, which he had in open court by his counsel waived. (*Himmelmann* v. *Sullivan*, 40 Cal. 126.)

By a supplemental brief he now claims that the court made no finding upon certain affirmative defenses set up in his answer at folios 14 and 29. The record contains nothing to show that any evidence whatever was introduced on any such issues. The findings as they stand are amply sufficient to support the judgment, and contain nothing "inconsistent with it." Therefore, the failure to find upon an issue the finding upon which "would merely have the effect of invalidating a judgment fully supported by the findings made will not be held ground for reversal unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue." (*Himmelmann* v. *Henry*, *ante*, p. 104.)

We therefore advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.