# Elizabeth Wiley *v.* Frank C. McGrath, Appellant.

*Replevin—Punitive damages.*

Punitive damages may be allowed in replevin in all cases where there have been peculiar circumstances of outrage, oppression and wrong in the taking or detention of the property.

In an action of replevin for horses and a coach, it appeared that plaintiff, a married woman, bought the property from her husband who kept a livery stable, and paid him full price therefor; that she took possession of the property and undertook to carry on the stable; that a few days after the sale she showed the bill of sale to defendant who was in the same business; that afterwards she sometimes interchanged business in emergencies with him; that, in a few months, unknown to the wife, the husband, in the night-time, secretly took the property from the wife's stable and sold it to defendant, who concealed it; that when the wife made inquiry of him he falsely alleged ignorance, and pretended to aid her in finding it; that she then discovered it in his possession and replevied it; that he entered a claim property bond and retained possession, and at the trial, four years afterward, contended that he was only entitled to pay the actual value of the property at the issue of the writ. *Held,* that a verdict for punitive damages should be sustained.

*Replevin—Evidence—Lease.*

Where the plaintiff in replevin, a married woman, claims certain of the contents of a livery stable, the property having been sold to her by her husband under a bill of sale, she may, in addition to the bill of sale, offer in evidence the lease of the stable and the assignment by her husband to her of a policy of fire insurance on the property, as cumulative testimony of the exclusive, open and notorious character of her tenancy and possession.

*Replevin—Pleading—Non cepit—Evidence.*

In an action of replevin where the defendant disclaims title by plea of non cepit, he will not be permitted to prove that he had purchased the property from plaintiff's husband and had paid him for it.

Argued Jan. 4, 1900. Appeal, No. 188, Jan. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1894, No. 388, on verdict for plaintiff. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Replevin for two horses, harness and coach. Before BRÈGY, J.

The facts are fully stated in the opinion of the Supreme Court.

The court admitted under objection and exception the lease of the premises where the plaintiff carried on business, [3] and also the assignment of a fire insurance policy from her husband to herself. [4]

The court rejected various offers of defendant to prove that he had purchased this property from the plaintiff's husband, the ostensible owner, and paid him for it. [5–9]

Defendant's sixth point and the answer thereto were as follows:

The measure of damages is the value of the articles at the time the writ issued, if you find for the plaintiff. *Answer:* Refused. [1]

The court charged in part as follows:

[If you think the circumstances of the keeping of the horses, wagon and harness were of such a character as makes it amount to an outrage or fraud, you could add to the value of the property and interest, such a sum as you think would be a proper punishment to inflict upon the defendant for such a wrong.] [2]

Verdict and judgment for plaintiff for $1,018. Defendant appealed.

*Errors assigned* were (3–9) rulings on evidence, quoting the bill of exceptions; (1, 2) above instructions, quoting the same.

*Alex. Simpson, Jr.*, with him *F. J. Lambert*, for appellant.—It must be a rare case of misconduct on the part of a defendant in an action like this to authorize punitive damages: Cummings v. Gann, 52 Pa. 491.

*Thomas A. Fahy*, for appellee.—The plea of non cepit admits the property; the taking or unlawful detention only is in issue, and to this question the evidence must apply: Mackinley v. McGregor, 3 Whart. 369; Buckley v. Handy, 2 Miles, 449; Morris on Replevin, 191.

Plaintiff was entitled to punitive damages: Rafferty v. Haldron, 81* Pa. 438; Schofield v. Ferrers, 46 Pa. 438; McDonald v. Scaife, 11 Pa. 381.

OPINION BY MR. JUSTICE DEAN, February 5, 1900:

Joseph Wiley, the husband of plaintiff, kept a livery stable

on Sydenham street in Philadelphia. On July 27, 1894, by regular bill of sale, he transferred to his wife, Elizabeth Wiley, four horses, some harness, two carriages and one coupé, kept at the stable. While the consideration expressed is " one dollar and other good consideration," it is not disputed that she paid a full price for the articles. The wife took possession of the property, and undertook to carry on the stable ; she gave notice generally of her purchase, and within a few days, having occasion to call upon Frank McGrath, who conducted a stable on Seventeenth street, she exhibited to him the bill of sale, also showed it to young Frank C. McGrath, this defendant, who is a cousin of Frank McGrath, and ,assisted in the stable work. Her husband, it appeared, went to Ireland immediately after the sale, whence he did not return until about December 1, following. On the night of December 7, two of the horses, some harness and a coach, all of which were embraced in the bill of sale, were taken from the wife's stable by the husband, and sold to defendant. When she made search for her property she called at the McGrath stable, but both the McGraths feigned ignorance, and promised their aid in searching for the property ; five days later, she discovered it in the McGrath stable ; it had been purchased, ostensibly by defendant from the husband, by regular bill of sale. Plaintiff, at once, replevied it ; defendant gave to the sheriff a claim property bond, and retained possession ; in the issue made up he pleaded non cepit, and on this plea the case went to trial. The learned trial judge ruled that the plea admitted property in plaintiff, and rejected evidence tending to show a purchase of the property by McGrath from the husband. He, also, submitted the evidence to the jury to find, whether there had been such flagrant wrong and deception on part of defendant as to warrant punitive damages. The jury found for plaintiff $1,000 damages, and we have this appeal by defendant, who assigns nine errors. The first two allege the court erred in not instructing the jury that the measure of damages was the actual value of the property at the time the writ was issued.

While appellant concedes that punitive damages may be allowed in replevin, yet it is urged it must be a rare case of misconduct where the jury will be allowed to exceed in their verdict the value of the property. That punitive damages in replevin may be allowed in all cases where there have been pecu-

liar circumstances of outrage, oppression and wrong in the taking
or detention was settled by this Court in McDonald v. Scaife,
11 Pa. 381. The case was ably tried by Judge Lowrie in com-
mon pleas, and on appeal to this Court was fully argued by able
counsel on both sides, nearly all the authorities bearing on the
question being cited. This Court, Rogers, J., rendering the
opinion, after a full review of the authorities and discussion of
the subject, at the close of the opinion, announces this conclu-
sion: "On a review of the authorities, we have come to the
conclusion, that it is settled on reason and authority, that al-
though the ordinary rule is to give damages for the value of
the goods taken, with interest, yet the jury may, under pecu-
liar circumstances, go beyond it by giving exemplary damages,
as in case of an action of trespass." What were the circum-
stances here? This woman purchased this property from a
thriftless husband, who immediately deserted her; she under-
takes to earn a living by conducting with it a stable for hire;
almost immediately, she notifies defendant of her purchase, and
exhibits to him the bill of sale; during some time, she inter-
changes business in emergencies with him, for he also carries
on a livery stable; he knew this property was absolutely hers;
in a few months, unknown to the wife, the worthless husband
returns, and in the night-time, secretly takes his wife's property
from her stable and sells it to defendant, who conceals it; when
the wife makes inquiry of him he falsely alleges ignorance, and
pretends to aid her in finding it; then she discovers it in his
possession and replevies it, and the cause is for trial; he admits
of record the property is hers and that he is wrongfully in pos-
session, but seeks to retain it by beating the verdict down to
the actual value at the issue of the writ, after he has had pos-
session nearly four years; that is, after knowingly wronging
her out of her property, he wrongfully withholds it from her
for years, and then seeks to turn the transaction into a forced
sale of the property at its actual value when taken. Plaintiff's
evidence tended to establish these facts, and the jury believed
it. These are peculiar circumstances of wrong and oppression;
they show collusion by defendant with a dishonest husband to
deprive a wife of her property. Such circumstances are pecu-
liar, because it must be a rare case, taking the worst view of
human nature, that a man will be guilty of such conduct. We

think the court under the evidence and the law committed no error in instructing the jury that if they found the facts as plaintiff alleged, they might find punitive damages.

The third and fourth assignments are to rulings of the court on admission of evidence offered by plaintiff. She offered in evidence the lease of the stable, and the assignments by her husband to her of a policy of fire insurance on the property, which against the objection of defendant the court admitted; the ruling was not error; plaintiff had a right to show, in addition to the bill of sale which she exhibited to defendant, the exclusive, open and notorious character of her tenancy and possession; true, it was cumulative, but it was not for that reason irrelevant evidence. These assignments are overruled.

The fifth, sixth, seventh, eight and ninth assignments are to the rejection of evidence offered by defendant which tended to directly contradict his plea; that is, he attempted to prove that he had purchased the property from the husband, the ostensible owner, and paid him for it. The plea disclaimed any right of property in the things replevied; the court properly held that defendant could not disclaim property in himself, by plea, and then attempt to prove property in himself, when he had filed no plea making that an issue.

All the assignments of error are overruled, and the judgment is affirmed.