Ladner v. Forman and Friess.

246

Argued October 10, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Parker, JJ.

*J. Webster Jones,* for appellant.

*Alexander Love, Jr.,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1932:

An action in replevin was instituted on March 14, 1930, by Grover C. Ladner to recover possession of his automobile from the defendants. An affidavit fixing the value of $2,500 was duly filed and the car was delivered to the plaintiff. A declaration in replevin was filed and duly served. There was no endorsement thereon demanding or waiving a jury trial. On April 4th the plaintiff filed a written order waiving a jury trial and on April 8th defendants filed an answer to the declaration in replevin and waived a jury trial. The case was listed to be tried on June 18, 1930, before Judge WALSH, sitting without a jury. The day before the case was called for trial, the defendants, without notice to plaintiff, presented a petition, demanding a jury trial. The trial judge granted the prayer of the petitioners and continued the case generally. Shortly thereafter, the trial judge learned that the application for a jury trial and continuance was made without the knowledge of the plaintiff, and thereupon revoked that order and directed the case to be tried the following day, to wit: June 19, 1930. The defendants appeared with their witnesses and a trial was had.

It appears in the declaration that the plaintiff was the owner of a comparatively new Cord automobile, which had been run less than 1,000 miles and was in first class condition—mechanically and as to paint and upholstery. In driving the car into his garage on the night of March 10, 1930, he scraped and dented the side of the right front fender. The following day he took

the car to Williams Motors, Inc., from whom it had been purchased, and instructed White, the manager, to straighten out the dent. In response to an inquiry he made of White some time later, he was informed that his car was at defendants' place of business and that they were retaining possession of it for a large bill of repairs. He visited defendants' shop and discovered his car dismantled and the upholstery soiled by grease marks. The plaintiff averred that "defendants acted maliciously, oppressively and without right or color of right and took out against the plaintiff a grudge or a supposed grievance against the Williams Motors, Inc.," and claimed exemplary damages for the wilful and wanton injury to his car and its unlawful detention, totalling $1,900. The court awarded the plaintiff the sum of $550 as special damages.

(1) The appellants, in their first assignment of error, allege that the municipal court was without jurisdiction, as the affidavit of value fixed the car as worth $2,500, and special damages were sought in the sum of $1,900, and that, therefore, the amount in dispute was $4,400.

Section 10 of the Municipal Court Act of July 12, 1913, P. L. 711, as amended July 11, 1923, P. L. 1035, Sec. 1 (17 PS Sec. 693), provides that the court "shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of two thousand five hundred dollars ($2,500)."

The title of the car was not in dispute. Defendants' answer to the plaintiff's declaration expressly admitted title in the plaintiff. The controversy was, therefore, over the right to possession, the plaintiff seeking damages for unlawful detention, and the defendants claiming a lien against the car for work done —so that the "thing in controversy" was not in excess

of $2,500, as the plaintiff was not seeking to recover the value of the car.

Section 8 of the Replevin Act of April 19, 1901, P. L. 88, amended March 19, 1903, P. L. 39, Sec. 2 (12 PS Sec. 1842), provides: ''In order to determine the amount of bail, the plaintiff shall make an affidavit of the value of the goods and chattels, which value shall be the cost to the defendant of replacing them, should the issue be decided in his favor.'' This provision does not relate to the damages which plaintiff seeks to recover for wrongful taking and detention. The only purpose of this affidavit of value was to fix the amount of bail: Newman v. Globe Indemnity Co., 275 Pa. 374, 119 A. 488. It is, therefore, not part of the pleadings which determine the issues in controversy, and was not admissible evidence of the facts therein contained: Guinn v. Vitte, 63 Pa. Superior Ct. 611.

Section 4 of the Replevin Act (12 PS Sec. 1832) provides: ''The plaintiff in such action shall file a declaration, verified by oath, which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based.'' This declaration, together with defendants' answer, constituted the issue: Vitagraph Co. v. Swaab, 248 Pa. 478, 94 A. 126.

Defendants cite Reily v. Shafer, 70 Pa. Superior Ct. 289, as an authority for the position that the municipal court is without jurisdiction. But, there, the plaintiff brought an action of trespass for injury to personal property and demanded in his statement of claim $1,200. At that time the jurisdiction of the court was but $600.

As the affidavit of value is not part of the pleadings, and the damages claimed were less than $2,500, the municipal court had jurisdiction.

(2) The second assignment is to the court's re-

fusing to grant defendants a jury trial. The record before us shows that both parties to this action expressly waived the right of trial by jury. Section 12 of the Municipal Court Act of July 12, 1913, P. L. 711, as amended June 20, 1919, P. L. 515, Sec. 1 (17 PS Sec. 695), provides that in all civil actions brought in the municipal court, parties may agree that the case be tried by a judge without a jury; and this was done. It was on the eve of the trial that an order for a jury trial was obtained from the trial judge, who was not informed as to all the facts. That order, as we have already observed, was promptly revoked, which, in the circumstances existing here, was within the discretion of the court. It was stated at bar and in appellee's written argument, and not denied, that the case was listed for trial on the last day of the term immediately preceding the court's closing for the summer, and the placing of the case on the jury list would have continued it until the fall sessions. Counsel for defendants was promptly notified that the court had revoked his order of the previous day and all the parties in interest appeared and witnesses were called in behalf of the defendants—so that the rights of the defendants were not prejudiced by the order of the court which was in effect but one day. As we have already stated, there was express assent of the parties to a' trial without a jury, in accordance with the act of assembly, so that the defendants did not come within the ruling of Kaplan v. Baron, 68 Pa. Superior Ct. 514, where the waiver of the trial was only by implication.

(3) Appellant further complains in his third assignment that the court erred in not holding that under the Replevin Act of 1901, and its amendment, the issues must be tried by jury. The municipal court, under the statute which was passed after the Replevin Act, has jurisdiction in all civil matters at law, to try cases without a jury when the parties expressly agreed so

to do. Undoubtedly, the Legislature had the power to give general jurisdiction to the municipal court and to authorize procedure incident to the conduct of trials. Such legislative action is not in contravention of any constitutional provision: Gerlach v. Moore, 243 Pa. 603, 90 A. 399; Phila. & R. Ry. Co. v. Walton, 248 Pa. 381, 94 A. 79.

(4) The last assignment of error complains of the amount of damages. The Supreme Court, in Armstrong & Latta v. City of Phila., 249 Pa. 39, 94 A. 455, held that damages in an action of replevin, where the plaintiff has finally secured possession of the property, may be recovered for detention and any costs incident thereto, but exemplary damages may also be allowed in cases where there has been oppression in the detention of the property. And in Wiley v. McGrath, 194 Pa. 498, 45 A. 331, punitive damages were allowed in a replevin proceeding, where there was proof of oppression in the taking and detention of property.

Accepting the testimony of plaintiff as verity, there was such oppression and wrong done him as to warrant punitive damages. He stated that the car was left with the defendants for the purpose only of straightening out a dent at an agreed cost of $5, but, instead of doing the work as ordered, his comparatively new car was dismantled, so that he was delayed in obtaining its use, an exorbitant sum for services was demanded, and it was damaged by being mishandled in its upholstery and body work, for the alleged intention of oppressing and harassing Williams Motors, Inc., with whom the defendants had an action at law, at the expense and inconvenience of the plaintiff.

Taking into consideration the injury to plaintiff's car, the refusal to surrender it to him when he made a demand therefor, the expense incident to reassembling it, etc., and the defendants' conduct at the time demand was made for possession, we are of the opinion

252

that the damages allowed were not such as to justify a reversal.

Judgment affirmed.