500 A.2d 1187

**Andrew P. RODNEY and Anna Rodney, his wife, Appellants,**

**v.**

**Larry J. WISE and Liquid Carbonic Corporation, Appellees.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 1985.

Filed Nov. 15, 1985.

538

Raymond Radakovich, Pittsburgh, for appellants.

Louis Anstandig, Pittsburgh, for appellees.

Before WIEAND, POPOVICH and LIPEZ, JJ.

WIEAND, Judge:

The issue in this appeal is the validity of a waiver of trial by jury entered in a civil action in order to obtain a delay in the commencement of trial. The trial court held that the waiver was valid and denied a request to withdraw it immediately prior to commencement of a nonjury trial. We find no error in the trial court's ruling and affirm the judgment entered on the verdict of the court.

On August 20, 1979, a vehicle owned by Liquid Carbonic Corporation (Liquid Carbonic) and driven by Larry J. Wise, one of its employees, was involved in a collision with an automobile operated by Andrew P. Rodney. Rodney and his wife, Anna, brought a trespass action against both Wise and Liquid Carbonic to recover damages for injuries sustained by the husband-plaintiff as a result of the accident. The trespass action was heard by a board of arbitrators, which entered an award in favor of the defendants, Wise and Liquid Carbonic. The Rodneys filed a timely appeal and requested trial by jury in the Court of Common Pleas of Allegheny County.

The case was scheduled for trial on Monday, March 12, 1984. On Friday, March 9, 1984, the Rodneys' attorney moved for a continuance because of a scheduling conflict. The motion was granted by the calendar control judge who rescheduled the case for April 4, 1984. In the order granting the continuance appeared the judge's handwritten notation that the case was "to [be] heard nonjury upon the consent of all parties." The Rodneys subsequently changed their minds, and their lawyer informed opposing counsel that they again desired a jury trial. In an effort to confirm the nonjury status of the impending trial, counsel for the appellees requested that the Rodneys sign a written agreement to proceed nonjury. The Rodneys refused. Thereafter, Wise and Liquid Carbonic filed a motion to compel the Rodneys to elect between a jury and nonjury trial. The

object of this motion allegedly was to insure that the Rodneys would not elect at the time of trial to defer the case to a future jury trial list. This was necessary because of the inconvenience and expense inherent in appellees' preparation for trial, involving, as it did, the production of out-of-state witnesses. The motion was denied by the calendar control judge in an order dated March 28, 1984. The order neither referred to nor purported to affect the prior order directing the Rodneys to proceed nonjury; and the Rodneys themselves made no formal attempt to modify or withdraw the order directing a nonjury trial.

Prior to commencement of trial on April 4, 1984, counsel for the Rodneys informed the trial judge that Rodney had changed his mind and now wished to withdraw his consent to a nonjury trial. Rodney's request was denied, and the case was thereupon tried before the court sitting without a jury. After hearing all of the evidence, the judge entered a verdict in favor of Wise and Liquid Carbonic. Exceptions [1] were filed which alleged, inter alia, that appellants had been deprived of their right to trial by jury. The trial court dismissed the exceptions and directed that judgment be entered on the verdict. This appeal followed.

Section 25 of the Schedule to Article V of the Pennsylvania Constitution provides, inter alia, that *"[u]ntil otherwise provided by law, the parties, by agreement filed, may in any civil case dispense with trial by jury...."* (Emphasis added). The Rodneys argue that this section required, at least by implication, a written agreement waiving the right to jury trial. Because their consent to proceed nonjury was not reduced to writing, they argue, it was not an effective waiver. Appellants' argument, however, ignores the fact that this constitutional provision, as allowed by its specific terms, was suspended by a contrary rule of law enacted by the legislature as part of the Judiciary Act of 1976, as amended. This statutory provision, appearing at 42 Pa.C.S. § 5104(a), provides as follows:

[1]. As the trial court correctly observed, Pa.R.C.P. 227.1 now provides that the appropriate label for such post-trial motions is "Motion for Post-Trial Relief."

Except where the right to trial by jury is enlarged by statute, trial by jury shall be as heretofore, and the right thereof shall remain inviolate. *Trial by jury may be waived in the manner prescribed by general rules.* (Emphasis added).

The pertinent general rule is found in Pa.R.C.P. 1007.1. It provides that a trial by jury will be deemed waived unless it is affirmatively requested. See also: *Dream Pools of Pennsylvania v. Baehr*, 326 Pa.Super. 583, 587, 474 A.2d 1131, 1133 (1984); 7 Std.Pa.Prac.2d § 42.2 (1982). After a demand for jury trial has been made, it "may not be withdrawn without the consent of all parties who have appeared in the action." Pa.R.C.P. 1007.1(c).

That appellants agreed orally to waive the right to trial by jury is clear. This fact appears unequivocally from the order of court granting the requested continuance. This order recites specifically and unequivocally that the case was to be tried nonjury upon consent of all parties. The record of the nonjury trial also contains an admission by appellants' attorney that his clients, when seeking a continuance, had agreed to waive jury trial and proceed nonjury.

 The voluntariness of the Rodneys' waiver was not impaired because it had been made to obtain a delay in the start of their trial. The right to trial by jury may be waived as part of an express agreement. *Warden v. Zanella*, 283 Pa.Super. 137, 140, 423 A.2d 1026, 1028 (1980); *Neely v. J.A. Young & Co.*, 198 Pa.Super. 196, 199, 181 A.2d 915, 917 (1962); 7 Std.Pa.Prac.2d § 42.2 (1982). Although our courts have not directly addressed the issue presented by this case,[2] other jurisdictions have held that where a party exchanges his right to a jury trial for some tactical advantage to be obtained from the court, that party's consent is binding. In *Hanlon v. Providence College*, 615 F.2d 535 (1st Cir.1980), the defendant had agreed during the first day of trial to waive his right to a jury if the court would hear his parol evidence *de bene*. The United States Court of

2. Cf. *Warden v. Zanella, supra* (where this Court held that an attorney's decision to proceed nonjury was a strategic decision binding on his client).

Appeals for the First Circuit concluded that the defendant had had ample opportunity to consult with experienced counsel and that his decision to waive a jury trial had not been coerced and was not involuntary. It was not error to deny a subsequent request for a jury trial. *Id.* at 538–539. See also: 60 C.J.S. Motions & Orders § 65 (1969) ("... parties who have availed themselves of the benefit of the order are bound by it and may not be heard to complain of conditions imposed by it. A party may not question the validity of an order made at his request and on his stipulation.").

The decision of the Supreme Court of California in *Hawes v. Clark*, 84 Cal. 272, 24 P. 116 (1890), although not of recent vintage, is instructive because of its factual similarity to the instant case. In *Hawes*, the parties' contract action had been scheduled for trial before a certain judicial department of the Superior Court of San Francisco. In order to obtain a trial delay, the defendant's counsel offered to waive his client's right to a jury trial if, in return, the plaintiff's attorney would accede to a transfer of the case to another department. When counsel for the plaintiff agreed to the terms, the attorney for the defendant appeared in open court and consented to waive trial by jury. Applying reasoning that is as cogent today as it was in 1890, the California Court rejected a contention by the defendant that a subsequent request for a jury trial should have been granted. The Court said:

> ... it is plain that the defendant is not in a position to complain of its [the court's] action. He got the benefit of one part of the stipulation,—that is, the transfer of the cause to another department of the court than the one in which it was peremptorily set for trial,—and secured about a month's delay, which seemed to be his prime object, and should not be allowed to avoid the accompanying burden of a trial by the court without a jury, which he had in open court, by his counsel, waived.

*Id.* at 275, 24 P. at 116.

▌ Like the defendant in *Hawes*, the Rodneys agreed to waive trial by jury in order to obtain a delay in the com-

mencement of trial. There is no suggestion that appellants' waiver was otherwise coerced. As in *Hanlon* and *Hawes,* appellants' decision was made after consultation with and approval by their attorney. Having received the desired benefit of their bargain, the Rodneys cannot now complain that their consent to the agreement was not voluntarily given. We conclude, therefore, that the Rodneys' consent to proceed nonjury was an effective waiver of their right to trial by jury.[3]

Appellants argue alternatively that although they initially consented to waive a jury trial, they later "rescinded [their] ratification of [the calendar control judge's] non-jury direction." Appellants' Brief at 12. Simply stated, they contend that they effectively withdrew their earlier consent to proceed nonjury. We disagree.

▪ As a general rule, where a party has expressly consented to waive a jury trial, an application to withdraw the waiver is addressed to the sound discretion of the trial court. *Ladner v. Forman,* 107 Pa.Super. 245, 250, 163 A. 359, 361 (1932); *Mathewson v. Lehigh Valley Coal Co.,* 46 Luz.Leg.Reg. 93, 94, 7 D. & C.2d 91, 93 (1956); *Brenzel v. Philadelphia Transp. Co.,* 51 Pa.D. & C. 367, 368 (Phila.Co. 1944); 7 Std.Pa.Prac.2d § 42.10 (1982). See also: 64 A.L. R.2d 506, § 5, at 519. A court will permit the withdrawal of the waiver upon a showing of "legal cause satisfactorily established." *Mathewson v. Lehigh Valley Coal Co., supra.* See: *Brenzel v. Philadelphia Transp. Co., supra;* 7 Std.Pa.Prac.2d § 42.10 (1982). See generally: 64 A.L.R.2d

---

**3.** Although the trial court reached the same conclusion in its opinion, it did so by relying on this Court's decision in *Warden v. Zanella, supra.* We do not find *Warden* controlling. There defendants had originally requested a jury trial in a motion to quash service. Plaintiffs later filed a Certicate of Readiness representing that the trial would be nonjury. Defendants failed either to challenge this statement or to renew their demand for a jury trial either before or during the trial. This Court found that defendants *impliedly* had waived their right to jury trial *by failing to make a timely demand. Id.* 283 Pa.Super. at 141, 423 A.2d at 1028 (emphasis added). Because *Warden* did not involve an *express agreement* to waive the right to a jury, it is not dispositive of the contention in this case.

506, § 8, at 536 (delineating those circumstances that have and those which have not been accepted as good cause). Courts in this and other jurisdictions have held uniformly that a mere change of heart will not constitute sufficient legal cause for withdrawing an express jury waiver. See, e.g.: *Brenzel v. Philadelphia Transp. Co., supra; Hanlon v. Providence College, supra* at 538–539; *West v. Devitt,* 311 F.2d 787, 788 (8th Cir.1963); *County (Social) Club of Savannah Inc. v. Sutherland,* 411 F.2d 599, 600 (5th Cir. 1969). Accord: *Ladner v. Forman, supra; Mathewson v. Lehigh Valley Coal Co., supra; General Business Services, Inc. v. Fletcher,* 435 F.2d 863 (4th Cir.1970); *Hollembaek v. Alaska Rural Rehabilitation Corp.,* 447 P.2d 67 (Alaska 1968); *Hawes v. Clark, supra; Cowan v. Stubblebine,* 73 A.D.2d 750, 423 N.Y.S.2d 316 (3d Dep't 1979); *Ezzell v. Endsley,* 197 Okl. 194, 169 P.2d 309 (1946); *Osage Oil & Ref. Co. v. McDowell,* 93 Okl. 201, 220 P. 609 (1923); *Cope v. Henderson,* 460 S.W.2d 183 (Tex.Civ.App.1970). Moreover, a withdrawal of the waiver will not be permitted where it would either delay the trial or prejudice an adverse party. *Ladner v. Forman, supra.* See generally: 64 A.L.R.2d 506, §§ 10, 12 and cases cited therein.

■ Appellants' attempted withdrawal of their jury waiver was inadequate for two reasons. First, because they made no formal attempt to withdraw their waiver of trial by jury until the day of the nonjury trial,[1] the granting of a demand for a jury trial at that late date would have caused unnecessary delay. This would have caused prejudice to Wise and Liquid Carbonic who already had incurred the expense of bringing out-of-state witnesses to court for trial. Second, when the Rodneys finally raised the issue with the

**4.** The Rodneys maintain in their brief that during the hearing of appellees' motion to compel the Rodneys to select between a jury and nonjury trial, the judge stated that "if it was the Appellant, Andrew Rodney's desire to have his case heard before a jury, and he had previously elected to do so, then the matter must be so heard." Appellants' Brief at 6. The appellants assert that it was therefore their understanding that the case would be held before a jury, and that no written order was necessary to confirm this fact. They contend that

trial court, they failed to articulate any legal excuse to justify a withdrawal of their consent to proceed nonjury. At that time, their counsel told the court merely that his clients had changed their minds.

It seems clear, under these circumstances, that the trial court did not abuse its discretion by denying the Rodneys' belated request to empanel a jury.

The order entering judgment is affirmed.

this understanding explains their failure to formally challenge their consent to proceed nonjury until the day of trial.

Appellants' version of the facts is not supported by the record. Moreover, appellants' misconception of the law does not excuse their failure to act. It is a fundamental principle of the law that "[t]he court speaks by its order, and effect must be given according to its terms, but not extended beyond its terms, and ordinarily an order will not be construed as going beyond the motion in pursuance of which it is given." 60 C.J.S. Motions & Orders § 64 (1969). See also: 56 Am.Jur.2d Motions, Rules & Orders § 29 (1971). As noted previously, the order of March 28, 1984 merely denied appellees' motion to compel the Rodneys to choose between a jury and nonjury trial. The order neither referred to nor purported to affect the earlier order directing appellants to proceed nonjury. Both orders, therefore, were valid according to their terms until modified, vacated, or reversed. 60 C.J.S. Motions & Orders § 64 (1969). A party who believes that an order is improper must either "obtain a stay, move to set it aside, or take other steps to eliminate its burdensome effect." *Id.* Having failed to do so, appellants' dissatisfaction with their agreement to waive a jury trial remained unrecognized in the eyes of the law until it was formally raised at trial.