## Independent Development Corporation v. Shiloh American Legion, Post 791

*Michael W. Flannelly,* for plaintiff.
*Robert H. Griffith,* for defendant.

CASSIMATIS, *J.,* September 28, 1993—This matter is before the court pursuant to the plaintiff's, Independent Development Corporation, (hereinafter "plaintiff") petition to enforce waiver of jury trial rights. Oral argument was heard on September 29, 1993, at which time we entered the following opinion and order.

The procedural and factual history of the instant case is set forth as follows, which begins with a writ of summons being issued on March 27, 1992. The complaint, which was filed on April 30, 1992, alleges that on October 3, 1991, plaintiff and defendant, Shiloh American Legion, Post 791 Home Association (hereinafter "defendant") entered into an agreement wherein plaintiff agreed to build for the defendant an addition, as well as construct alterations to an existing building owned by the defendant. The total contract price was $431,980.

On March 23, 1992, the plaintiff completed all of the work contemplated by the agreement, including extras (which totaled $16,867.34) requested by the defendant and defendant received a certificate of substantial completion. Pursuant to the terms of the agreement, plaintiff was to be paid in draws through the method of preparing an "Application and Certificate for Payment" which had to be reviewed and approved by BASCO Associates, the architect on the job, which plaintiff alleges were all approved for payment. Plaintiff asserts that defendant has refused to pay to the plaintiff all amounts due and owing for the project. Defendant filed its answer on May 19, 1992, alleging that the work had not been completed under the terms of the agreement. A pre-trial conference was held on March 2, 1993 and the case was certified for trial on April 20, 1993.

On May 6, 1993, plaintiff filed a praecipe to list the matter for the June 1993 Civil Trial Term and was set for jury trial to begin on June 8, 1993 with Judge Buckingham to preside. Immediately prior to the commencement of trial, a series of negotiations were conducted. Attorney Griffith and Attorney Michael Scheib represented the defendant during the course of these

negotiations. Two members of the board of directors of the defendant were present, William Billet (president) and Jack Lokheiser (treasurer) and were available for consultation during these negotiations. The parties arrived at a tentative settlement which had to be approved at the board of directors meeting for defendant which had been scheduled for June 28, 1993. One of the terms of the agreement[1] was as follows:

---

1. A letter confirming the agreement between the parties sets forth the following:

"The purpose of this letter is to confirm our agreements as to a possible settlement of the above captioned matter. The terms of the agreement are as follows:

"(1) A board meeting will be convened on June 28, 1993, for the purpose of voting on the proposed settlement. You will be present at the meeting for the purpose of recommending the settlement;

"(2) The settlement involved paying IDC a principal balance of $150,000. The amount would be secured by a mortgage and a judgment note, both bearing interest at the rate of 8 percent per annum. A financing statement will also be provided to secure the liquor license;

"(3) Shiloh American Legion will commence payments on interest and principal on September 1, 1993, at the rate of $10,000 per month. The balance would then be due on August 31, 1994;

"(4) IDC will refrain from executing on the mortgage, note and financing statement until September 1, 1994, unless Shiloh American Legion fails to make its monthly payments of $10,000 on a timely basis. All payments must be received by IDC by the first of the month. In the event of a default, IDC reserves the right to immediately commence execution procedures;

"(5) In the event that the board fails to approve the settlement, Shiloh American Legion has waived its right to a jury trial, and will cooperate in promptly rescheduling the case for a non-jury trial.

"(6) The judgment note and the mortgage will be executed promptly after Shiloh American Legion's agreement to the settlement. The note and the mortgage may be recorded immediately. Shiloh American Legion will not sell any property, pending the board meeting;

"In the event that the board fails to approve the settlement, Shiloh American Legion has waived its right to a jury trial, and will cooperate in promptly rescheduling the case for a non-jury trial."

After counsel for the plaintiff was advised that defendant was unable to conduct a board meeting on June 28, 1993, a letter[2] was sent to both the Honorable James E. Buckingham and the Honorable Emanuel A. Cassimatis requesting that a non-jury trial be scheduled. When the board of directors subsequently considered the settlement

"(7) The parties will exchange mutual releases at the time of the execution of the other documents;

"(8) Shiloh American Legion will cooperate, to the extent possible, to secure as much money as possible for IDC from the sale of any property of the Legion.

"Please let me know if this does not accurately reflect our understanding. Please contact Pete Andrews on June 29, 1993 as to the decision of the board."

2. "The above-captioned matter was pre-tried by Judge Cassimatis in March of 1993. When it appeared on the June 1993 civil jury trial list, it was assigned to Judge Buckingham for trial.

"At the time of the trial, the parties entered into a settlement agreement, the terms of which were memorialized in a letter from Michael W. Flannelly, Esquire to Robert Griffith, Esquire, dated June 8, 1993, a copy of which is enclosed. Pursuant to the agreement, Shiloh American Legion was to hold a board meeting on June 28, 1993 for the purpose of voting on the proposed settlement. We have now learned that the promised meeting has not occurred. Therefore, under the terms of the agreement, defendant Shiloh American Legion Post 791 has waived its right to a jury trial, and has agreed to cooperate promptly in rescheduling the case for a non-jury trial.

"It is not clear to which judge we should direct our request for the scheduling of a non-jury trial, which is why I have written to both of you. I would respectfully request that you determine between you who should schedule the non-jury trial of the above-captioned matter, and proceed promptly to schedule the same."

package at a later date, the package was rejected and in particular, the board rejected the provision waiving defendant's right to a jury trial. On July 7, 1993, this court wrote counsel for the parties concerning the terms of the agreement.[3] On July 9, 1993, the plaintiff responded concerning the agreement to waive the jury trial.[4] On July 13, 1993, the defendant responded to the letter of

---

3. "I will respond to Attorney Morgan's letter of July 1, 1993 in behalf of Judge Buckingham and myself. Either of us are prepared to conduct a non-jury trial in this matter.

"We need to know whether the Shiloh American Legion Post 791 Home Association, Attorney Griffith's client, has agreed to waive the right to a jury trial. ·Moreover, does such agreement involve an understanding that both Judge Buckingham and I are aware of the settlement terms and how, at least the appearance of such awareness, could or might affect the parties' willingness for Judge Buckingham or me to conduct the non-jury trial.

"Please let me hear from you:

"1. Whether the defendant agrees to the non-jury trial.

"2. If the case is to be non-jury, do the parties want some judge other than Judge Buckingham or myself to try it?

"a. If the answer to 2. is 'no,' do the parties have a preference as between Judge Buckingham or myself to try it?

"Upon receipt of the response to these inquiries, a further pre-trial order will be issued to reflect the direction the case is to take."

4. "This letter is in response to yours dated July 7, 1993, regarding the above-captioned matter. In response to your questions, the position of the plaintiff is as follows:

"(1) The defendant agreed to waive its right to a jury trial as a condition for the plaintiff's agreement to continue the matter past the June 1993 trial term.

"(2) Independent Development Corporation has no objection to either Judge Buckingham or yourself trying the case. Independent Development Corporation prefers that you try the case, in that we will be raising the issue of the interpretation of your final pre-trial order."

this court dated July 7, 1993.[5] On July 22, 1993, this court issued a letter directing that the matter be set for jury trial.[6]

---

5. "This letter is to respond to your letter of July 7, 1993 in the above entitled matter.

"When this matter was called for court during the June term on June 8th, and the matter of settlement came up, I had as witnesses in this case two members of the board of directors of Shiloh American Legion Post 791. I made it perfectly clear at that time that if the case was not settled in accordance with the suggestion made by counsel for IDC, which is set forth in their letter of June 8, 1993 to me, the case would be tried non-jury. A board meeting was to be convened on June 28, 1993 to discuss the terms of the settlement.

"I received a call the Thursday before, or June 24, 1993, to inform me that because of the unavailability of some of the board members, the meeting would not be held at that time.

"I then sent a three page report to the board members, setting forth my suggestions and opinions. Since then, I have received a call from a member of the board, indicating that the full board now would like to have this case tried with a jury, for which I apologize. This has been a most difficult case for me, and because of the same, I feel I had to present this to the court.

"In addition, with respect to the comment made by the court in paragraph two of its letter of July 7, 1993, I must point out to you that any agreement we have does not include an understanding that both judges are aware of the settlement terms. If the case is tried non-jury, I have no preference between you or Judge Buckingham. I point out again that because of the difficulties I have had in this case, that I had to call your attention to the fact that there was no understanding that included the awareness of the court to the settlement terms.

"Further, I wish to point out that whatever the scheduling is in this case, I will be on vacation from July 22 through August 2nd, and from August 31 through September 6th."

6. "Apparently, the board of directors of the defendant never approved Attorney Griffith's agreeing to the waiver of a jury trial during the June trial term as a condition of settlement discussions.

On July 28, 1993, plaintiff filed a petition to enforce waiver of jury trial rights, requesting the following:

"Based upon the history of this matter, petitioner requests reconsideration of the decision set forth in the letter dated July 22, 1993, from the Honorable Emanuel A. Cassimatis for the following reasons:

"A. The board members present on June 8, 1993, had the actual, if not apparent authority, from Shiloh American Legion to make the agreement to waive the jury trial right.

"B. Shiloh American agreed to waive its jury trial right after consultation with counsel and for the purpose of securing a delay in the commencement of a trial.

"C. Counsel for Shiloh American Legion agreed to the waiver of the jury trial on behalf of their clients. As a result, this agreement cannot now be repudiated."

Plaintiff asserts two members of the board of directors of defendant, through their counsel, effectively agreed to waive the jury trial rights of defendant in order to secure a continuance for a jury trial so that the settlement proposal could be discussed by the full board of directors. In support of this proposition, plaintiff cites to the court the case of *Rodney v. Wise,* 347 Pa. Super. 537, 500 A.2d 1187 (1985). The issue in the appeal in *Rodney* focused on the validity of the waiver of trial by jury entered in a civil action in order to obtain a delay in the commencement of trial. The trial court held that the waiver was valid and denied a request to withdraw it immediately prior to commencement

Absent this authority, I don't see how I can force the defendant to a non-jury trial without the defendant's approval from its board of directors. This case was certified for a jury trial in our order of April 29, 1993. Accordingly, the case is postured for listing on the civil jury trial list and subsequent trial."

of a non-jury trial, which was affirmed by the Superior Court.

The *Rodney* case was scheduled, upon the request of the appellants, for trial by jury on Monday, March 12, 1984. On Friday, March 9, 1984, the appellants' attorney moved for a continuance because of a scheduling conflict. The motion was granted by the calendar control judge who rescheduled the case for April 4, 1984. In the order granting the continuance appeared the judge's handwritten notation that the case was "to [be] heard non-jury upon the consent of all parties." The appellants subsequently changed their minds, and their lawyer informed opposing counsel that they again desired a jury trial and refused to sign a written agreement to proceed non-jury. Following this, appellees filed a motion to compel the appellants to elect between a jury and non-jury trial which was denied by the calendar control judge in an order dated March 28, 1984.

Prior to commencement of trial on April 4, 1984, counsel for the appellants informed the trial judge that appellants had changed their mind and now wished to withdraw their consent to a non-jury trial. This request was denied and the case was thereupon tried before the court sitting without a jury, with a verdict for the appellees.

"Section 25 of the schedule to Article V of the Pennsylvania Constitution provides, inter alia, that *'[u]ntil otherwise provided by law,* the parties, by agreement filed, may in any civil case dispense with trial by jury....'* (emphasis added) The Rodneys argue that this section required, at least by implication, a written agreement waiving the right to jury trial. Because their consent to proceed non-jury was not reduced to writing, they argue, it was not an effective waiver. Appellants' argument, however, ignores the fact that this constitutional

provision, as allowed by its specific terms, was suspended by a contrary rule of law enacted by the legislature as part of the Judiciary Act of 1976, as amended. This statutory provision, appearing at 42 Pa.C.S. §5104(a), provides as follows:

"Except where the right to trial by jury is enlarged by statute, trial by jury shall be as heretofore, and the right thereof shall remain inviolate. *Trial by jury may be waived in the manner prescribed by general rules.* (emphasis added)" *Rodney v. Wise, supra* at 540-541, 500 A.2d at 1188. See *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991).

The pertinent general rule is found in Pa R.C.P. 1007.1 which provides for the following:

*"Rule 1007.1. Jury Trial. Demand. Waiver*

"(a) In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than 20 days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing.

"(b) Where an appeal is taken from an award in compulsory arbitration and a jury trial has not theretofore been demanded, the right to a jury trial shall be deemed waived unless the appellant endorses a demand for a jury trial on his appeal, or unless the appellee files and serves a written demand for a jury trial not later than 10 days after being served with the notice of appeal. (note omitted)

"(c) (1) A demand for trial by jury may not be withdrawn without the consent of all parties who have appeared in the action.

"(2) A demand for a trial by jury on behalf of a party shall be deemed withdrawn if at the time a case is called for trial that party, without satisfactory excuse, fails to appear or appears but is not ready. Any other party appearing and ready who has not already demanded a trial by jury shall forthwith demand a trial by jury or shall be deemed to have waived the same.

"(d) Rescinded Dec. 16, 1983, effective July 1, 1984. (note omitted) Adopted March 20, 1972, effective Oct. 1, 1972. Amended March 28, 1973, effective July 1, 1973; amended Dec. 16, 1983, effective July 1, 1984; amended April 23, 1985, effective July 1, 1985." See also, *Dream Pools of Pennsylvania, Incorporated v. Baehr,* 326 Pa. Super. 583, 587, 474 A.2d 1131, 1133 (1984); 7 Std. Pa. Prac. 2d §42.2 (1982).

The appellants in *Rodney,* agreed orally to waive the right to trial by jury, which is made evident by the order of the court granting the requested continuance. This order recites specifically and unequivocally that the case was to be tried non-jury upon consent of all parties.

"The voluntariness of the Rodneys' waiver was not impaired because it had been made to obtain a delay in the start of their trial. The right to trial by jury may be waived as part of an express agreement. *Warden v. Zanella,* 283 Pa. Super. 137, 140, 423 A.2d 1026, 1028 (1980); *Neely v. J.A. Young & Co.,* 198 Pa. Super. 196, 199, 181 A.2d 915, 917 (1962); 7 Std. Pa. Prac. 2d §42.2 (1982). Although our courts have not directly addressed the issue presented by this case, (footnote omitted) other jurisdictions have held that where a party exchanges his right to a jury trial for some tactical advantage to be obtained from the court, that party's consent is binding. In *Hanlon v. Providence College,* 615 F.2d 535 (1st Cir. 1980), the defendant had agreed

during the first day of trial to waive his right to a jury if the court would hear his parol evidence *de bene.* The United States Court of Appeals for the First Circuit concluded that the defendant had had ample opportunity to consult with experienced counsel and that his decision to waive a jury trial had not been coerced and was not involuntary. It was not error to deny a subsequent request for a jury trial. *Id.* at 538-539. See also, 60 C.J.S. Motions & Orders §65 (1969) ('...parties who have availed themselves of the benefit of the order are bound by it and may not be heard to complain of conditions imposed by it. A party may not question the validity of an order made at his request and on his stipulation.').

"The decision of the Supreme Court of California in *Hawes v. Clark,* 84 Cal. 272, 24 P. 116 (1890), although not of recent vintage, is instructive because of its factual similarity to the instant case. In *Hawes,* the parties' contract action had been scheduled for trial before a certain judicial department of the Superior Court of San Francisco. In order to obtain a trial delay, the defendant's counsel offered to waive his client's right to a jury trial if, in return, the plaintiff's attorney would accede to a transfer of the case to another department. When counsel for the plaintiff agreed to the terms, the attorney for the defendant appeared in open court and consented to waive trial by jury. Applying reasoning that is as cogent today as it was in 1890, the California court rejected a contention by the defendant that a subsequent request for a jury trial should have been granted. The court said:

"...it is plain that the defendant is not in a position to complain of its [the court's] action. He got the benefit of one part of the stipulation,—that is, the transfer of the cause to another department of the court than

the one in which it was peremptorily set for trial,—and secured about a month's delay, which seemed to be his prime object, and should not be allowed to avoid the accompanying burden of a trial by the court without a jury, which he had in open court, by his counsel, waived. *Id.* at 275, 24 P. at 116." *Rodney v. Wise, supra* at 541-542, 500 A.2d at 1189.

"Like the defendant in *Hawes,* the Rodneys agreed to waive trial by jury in order to obtain a delay in the commencement of trial. There is no suggestion that appellants' waiver was otherwise coerced. As in *Hanlon* and *Hawes,* appellants' decision was made after consultation with and approval by their attorney. Having received the desired benefit of their bargain, the Rodneys cannot now complain that their consent to the agreement was not voluntarily given. We conclude, therefore, that the Rodneys' consent to proceed non-jury was an effective waiver of their right to trial by jury." (footnote 3 omitted) *Rodney v. Wise, supra* at 542-543, 500 A.2d at 1189-1190.

The *Rodney* court went on to hold that "[a]s a general rule, where a party has expressly consented to waive a jury trial, an application to withdraw the waiver is addressed to the sound discretion of the trial court. *Ladner v. Forman,* 107 Pa. Super. 245, 250, 163 A. 359, 361 (1932); *Mathewson v. Lehigh Valley Coal Co.,* 46 Luz. Leg. Reg. 93, 94, 7 D.&C. 2d 91, 93 (1956); *Brenzel v. Philadelphia Transportation Co.,* 51 D.&C. 367, 368 (Phila. Co. 1944); 7 Std. Pa. Prac. 2d §42.10 (1982). See also, 64 A.L.R. 2d 506 §5, at 519. A court will permit the withdrawal of the waiver upon a showing of 'legal cause satisfactorily established.' *Mathewson v. Lehigh Valley Coal Co., supra.* See *Brenzel v. Philadelphia Transportation Co., supra;* 7 Std. Pa. Prac. 2d §42.10 (1982). See generally 64 A.L.R.

2d 506, §8, at 536 (delineating those circumstances that have and those which have not been accepted as good cause). Courts in this and other jurisdictions have held uniformly that a mere change of heart will not constitute sufficient legal cause for withdrawing an express jury waiver." (citations omitted) *Rodney v. Wise, supra* at 543-544, 500 A.2d at 1190.

Defendant asserts that the *Rodney* case is distinguishable from the instant case in several ways. First, *Rodney* involved a situation in which a party, which had waived its right to a jury trial, subsequently sought to withdraw the same. This court notes that defendant in the instant case never waived its right to a jury trial, therefore, waiver is no issue.

Second, in *Rodney,* the attempted withdrawal of the jury trial waiver occurred on the day the non-jury trial was to commence, thereby causing unnecessary delay and undue prejudice for the opposing party. *Rodney, supra,* at 539-540, 500 A.2d at 1188. In the instant case, plaintiff was immediately informed of defendant's decision not to waive jury trial and when this information was received, the trial had not yet been scheduled. Although delay occurred when the trial was continued to allow for settlement discussions to continue, both parties agreed to the continuance and this, undue prejudice did not occur.

Third, the *Rodney* court mentioned that the withdrawing party failed to articulate a legal excuse for withdrawal of its waiver. *Rodney, supra,* at 543, 500 A.2d at 1190. As stated previously, waiver is not an issue before this court. We agree with the defendant that the proposed settlement provision waiving its right to a jury trial was simply a condition of settlement which was not approved by the defendant's board of directors.

Finally, *Rodney* is distinguishable in that, unlike in the instant case, the party seeking benefit of the jury trial waiver had complete authority to negotiate such a term at the time it was done. Defendant asserts that at all times relevant to the negotiations which took place on June 8, 1993, counsel for defendant made it clear to counsel for plaintiff that the two individuals representing defendant that date were present purely for the purpose of testifying at trial, and that they and counsel were without any authority to negotiate settlement terms on behalf of defendant, hence the necessity for continuing trial until such time as the board of directors could consider and vote upon the settlement proposal.

We agree with the defendant that no waiver of the right to a jury trial occurred, that no unnecessary delay has occurred as a result of the continuance, and that counsel for defendant and the two board members present did not have the authority to negotiate settlement terms on behalf of the defendant, including the waiver of its right to a jury trial. This jury trial is to commence before this court at a time to be assigned by the court administrator.

Accordingly, we enter the following order.

## ORDER

And now, to wit, September 28, 1993, the petition to enforce waiver of jury trial rights of the plaintiff, Independent Development Corporation, against the defendant, Shiloh American Legion Post 791 Home Association, is hereby denied.

The jury trial in this matter will commence at a time to be assigned by the court administrator.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.